DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Washington County Common Pleas Court judgment that denied the motion to modify the allocation of parental rights and responsibilities. Johnny Adams, defendant below and appellant herein, raises the following assignment of error for review:
"THE TRIAL COURT ABUSED ITS DISCRETION AND OVERLOOKED CRITICAL FACTS IN DETERMINING THAT THE MOTION TO MODIFY THE ALLOCATION OF PARENTAL RIGHTS AND RESPONSIBILITIES SHOULD BE DENIED AND ABUSED ITS DISCRETION. [SIC]"
 {¶ 2} In November of 1998, the parties divorced and entered into a separation agreement. Under the agreement, the parties agreed to designate Lisa Kaye Adams (nka Rake), plaintiff below and appellee herein, the residential parent of the parties' minor child, Ashley K. Adams, born September 7, 1988.
 {¶ 3} On February 17, 2004, appellant filed a motion to modify the allocation of parental rights and responsibilities.[1] He argued that a change in circumstances occurred due to a January 2004 physical altercation between appellee and the child.
 {¶ 4} At the November 18, 2004 hearing to consider the motion, the parties presented conflicting evidence concerning the extent to which physical altercations occur between appellee and her daughter. Appellant presented evidence that he claimed shows that appellee is both physically and mentally abusive to the child. Appellee testified, however, that her actions demonstrated a mother's love for her daughter and her concern that her teenage daughter was romantically and sexually involved with a boy three years her senior who, appellee believed, is "controlling." The daughter, in an in camera interview, stated that she would like to live with appellant and is afraid of appellee. She stated that appellee "just blows up over anything."
 {¶ 5} On November 24, 2004, the trial court determined that a sufficient change in circumstances had not occurred and that the harm likely to be caused by a change outweighed any advantages. The court noted the recent allegations of physical abuse, but concluded that the evidence failed to show that the child is physically abused. The court also noted that appellee's concerns about her daughter's boyfriend are justified. The court further noted that appellant testified that if the court reallocates the parental rights and responsibilities, the child will live with either him or his mother. Appellee's mother lives about fifteen miles from the child's high school and appellant lives in Mineral Wells, West Virginia, which "is some distance" from the child's high school. The court additionally noted that the child wants to complete her schooling at her current high school. Appellant timely appealed the trial court's judgment.
 {¶ 6} In his sole assignment of error, appellant asserts that the trial court erred by denying his motion to modify the parties' parental rights and responsibilities. He contends that the evidence presented at the hearing demonstrates that a change in circumstances has occurred and that the benefits that will result from removing her from her mother's care outweigh any harm.
 {¶ 7} Initially, we note that appellate courts review a trial court's decision regarding the reallocation of parental rights and responsibilities with the utmost deference. See Davis v. Flickinger
(1997), 77 Ohio St.3d 415, 418, 674 N.E.2d 1159; Miller v. Miller
(1988), 37 Ohio St.3d 71, 74, 523 N.E.2d 846. Consequently, a reviewing court will not reverse a court decision regarding the reallocation of parental rights and responsibilities unless the trial court abused its discretion. Davis. An abuse of discretion is more than an error of law or judgment; rather, it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. See Landis v. Grange Mut.Ins. Co. (1998), 82 Ohio St.3d 339, 342, 695 N.E.2d 1140; Malone v.Courtyard by Marriott, L.P. (1996), 74 Ohio St.3d 440, 448,659 N.E.2d 1242; State ex rel. Solomon v. Police Firemen's Disability Pension Fund Bd. of Trustees (1995), 72 Ohio St.3d 62, 64,647 N.E.2d 486. To demonstrate an abuse of discretion, the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias. See Nakoff v. Fairview Gen. Hosp. (1996),75 Ohio St.3d 254, 256, 662 N.E.2d 1. Furthermore, when applying the abuse of discretion standard, a reviewing court may not merely substitute its judgment for that of the trial court. See, e.g., In re Jane Doe 1
(1991), 57 Ohio St.3d 135, 137-138, 566 N.E.2d 1181. Reviewing courts should also be guided by a presumption that the trial court's findings are correct because the trial court is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use its observations in weighing the credibility of the proffered testimony. See, e.g., Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 80,461 N.E.2d 1273. Additionally, deferential review in a child custody case is crucial because much may be evident in the parties' demeanor and attitude that does not translate to the record. Davis,77 Ohio St.3d at 419.
 {¶ 8} R.C. 3109.04(E)(1)(a) governs the modification of a prior decree of the allocation of parental rights and responsibilities. The statute provides:
The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, his residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree or the prior shared parenting decree, unless a modification is in the best interest of the child and one of the following applies:
* * * *
(iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child.
 {¶ 9} Thus, in determining whether to modify a prior allocation of parental rights and responsibilities, three factors generally guide a trial court's decision: (1) whether there has been a change in circumstances, (2) whether a modification is in the child's best interests, and (3) whether the benefits resulting from the change will outweigh any harm. See R.C. 3109.04(E)(1)(a); see, e.g., Clark v. Smith
(1998), 130 Ohio App.3d 648, 653, 720 N.E.2d 973, 976.
 {¶ 10} We note that a change in circumstances must be significant — something more than a slight or inconsequential change. See Davis,77 Ohio St.3d at 416-417; Putnam v. Putnam (May 17, 2001), Washington App. No. 00CA32; Smith v. Smith (July 26, 2000), Athens App. No. 00CA07. In Davis, 77 Ohio St.3d at 416-417, the court discussed the requirement of a "change in circumstances" and emphasized that a trial court's finding of whether a change in circumstances has occurred must not be disturbed absent an abuse of discretion. The court stated:
"R.C. 3109.04 requires a finding of a `change in circumstances.' Such a determination when made by a trial judge should not be disturbed, absent an abuse of discretion. In determining whether a change in circumstances has occurred so as to warrant a change in custody, a trial judge, as the trier of fact, must be given wide latitude to consider all issues which support such a change, including a change in circumstances because of a child's age and consequent needs, as well as increased hostility by one parent (and that parent's spouse) which frustrates cooperation between the parties on visitation issues."
 {¶ 11} The Davis court continued:
"Clearly, there must be a change of circumstances to warrant a change of custody, and the change must be of substance, not a slight or inconsequential change. The nomenclature is not the key. As the Wyss
court aptly stated:
`The clear intent of that statute is to spare children from a constant tug of war between their parents who would file a motion for change of custody each time the parent out of custody thought he or she could provide the children a `better' environment. The statute is an attempt to provide some stability to the custodial status of the children, even though the parent out of custody may be able to prove that he or she can provide a better environment.' Wyss [v. Wyss (1982)], 3 Ohio App.3d [412] 416 [3 OBR 479, 483], 445 N.E.2d [1153] 1157.
In determining whether a `change' has occurred, we are mindful that custody issues are some of the most difficult and agonizing decisions a trial judge must make. Therefore, a trial judge must have wide latitude in considering all the evidence before him or her * * * and such a decision must not be reversed absent an abuse of discretion. Miller v.Miller (1988), 37 Ohio St.3d 71, 523 N.E.2d 846."
Davis, 77 Ohio St.3d at 418.
 {¶ 12} Once a change in circumstances has been demonstrated, a trial court next must consider whether a modification will serve the child's best interests. R.C. 3109.04(F)(1) specifies the factors that a trial court should consider when determining a child's best interests:
In determining the best interest of a child * * * the court shall consider all relevant factors, including, but not limited to:
(a) The wishes of the child's parents regarding his care;
(b) If the court has interviewed the child * * * regarding the child's wishes and concerns as to the allocation of parental rights and responsibilities concerning the child, the wishes and concerns of the child, as expressed to the court;
(c) The child's interaction and interrelationship with his parents, siblings, and any other person who may significantly affect the child's best interest;
(d) The child's adjustment to his home, school, and community;
(e) The mental and physical health of all persons involved in the situation;
(f) The parent more likely to honor and facilitate visitation and companionship rights approved by the court;
(g) Whether either parent has failed to make all child support payments, including all arrearages, that are required of that parent pursuant to a child support order under which that parent is an obligor;
(h) Whether either parent previously has been convicted of or pleaded guilty to [certain criminal offenses];
(i) Whether the residential parent or one of the parents subject to a shared parenting decree has continuously and willfully denied the other parent his or her right to visitation in accordance with an order of the court;
(j) Whether either parent has established a residence, or is planning to establish a residence, outside this state.
 {¶ 13} If a trial court concludes that a change in circumstances has occurred and that a modification of the prior allocation of parental rights and responsibilities would serve the child's best interests, a trial court may not modify a custody order unless the court determines that the harm likely to be caused by a change of environment is outweighed by the benefits of the change of environment. R.C.3109.04(E)(1)(a); Beaver v. Beaver (2001), 143 Ohio App.3d 1, 8-11,757 N.E.2d 41.
 {¶ 14} In the case at bar, after our review of the record we conclude that the trial court did not abuse its discretion by determining that appellant failed to establish that a change in circumstances occurred so as to warrant a modification of the parental rights and responsibilities. The alleged change, that appellee and the child had a physical altercation, is not one of substance. The trial court found no evidence of a pattern of physical abuse. Instead, the evidence that the trial court opted to believe reveals that the incident was an isolated one, with minor disputes interspersed, which arose naturally out of the tensions present in a mother-daughter (especially during the teenage years) relationship. Although appellant presented conflicting evidence, the trial court made a credibility determination and we will not second-guess credibility determinations. See Davis v. Flickinger (1997),77 Ohio St.3d 415, 418, 674 N.E.2d 1159 (stating that deferring to the trial court on matters of credibility is "crucial" in cases involving children "where there may be much evident in the parties' demeanor and attitude that does not translate to the record well"). As the court explained in Reynolds v. Goll (1996), 75 Ohio St.3d 121, 124,661 N.E.2d 1008:
"`The discretion which a trial court enjoys in custody matters should be accorded the utmost respect, given the nature of the proceeding and the impact the court's determination will have on the lives of the parties concerned. The knowledge a trial court gains through observing the witnesses and the parties in a custody proceeding cannot be conveyed to a reviewing court by a printed record. In this regard, the reviewing court in such proceedings should be guided by the presumption that the trial court's findings were indeed correct.'"
Id., quoting Miller v. Miller (1988), 37 Ohio St.3d 71, 74,523 N.E.2d 846, 849 (citations omitted).
 {¶ 15} Therefore, because a change in circumstances has not occurred, we need not address appellant's arguments that granting his motion to modify the prior allocation of parental rights and responsibilities would serve the child's best interests and that the benefits of modifying custody outweighs any harm.
 {¶ 16} Accordingly, based upon the foregoing reasons, we overrule appellant's sole assignment of error and affirm the trial court's judgment.
Judgment Affirmed.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Harsha, J. McFarland, J.: Concur in Judgment Opinion.
[1] In November of 1999, appellant filed a motion to modify the allocation of parental rights and responsibilities. The trial court denied his motion in January of 2000. Appellant did not appeal that judgment.