CAUDILL et al., Appellants,

v.

DAMSCHRODER, Appellee.

Court of Appeals of Ohio,
Third District, Allen County.

No. 1–01–139.

Decided March 18, 2002.

234

Richard E. Siferd, for appellant.

Terrence J. Kenneally, for appellee Damschroder.

Betty D. Montgomery, Attorney General, and James M. Evans, Assistant Attorney General, for appellee Ohio BWC.

THOMAS F. BRYANT, Judge.

{¶ 1} This appeal is brought by plaintiff-appellant, Earl Caudill, from a judgment of the Court of Common Pleas, Allen County in an action brought

against the defendant, Richard Damschroder, for negligence arising out of an automobile accident.

{¶ 2} The record presents the following facts. On the afternoon of May 8, 1998, plaintiff-appellant Earl Caudill ("Caudill") was traveling west on Pike Street in Jackson Center, Ohio. A light rain was falling, and as a result the road conditions were reportedly wet and slick.

{¶ 3} Pike Street is a two-lane roadway with a posted speed limit of 35 miles per hour. Caudill was traveling at a reduced speed, approximately 5 miles per hour, as he was unfamiliar with his surroundings and was searching for a particular private driveway.

{¶ 4} The defendant-appellee, Richard L. Damschroder, Jr. ("Damschroder"), was also traveling west on Pike Street when he observed Caudill traveling slowly ahead. Damschroder testified that rather than slow down, he decided to pass Caudill to the left. Damschroder saw that the left lane was clear so he turned on his turn signal and proceeded to pass Caudill.

{¶ 5} Just as Damschroder was attempting to overtake Caudill, the latter initiated a left turn off of Pike Street towards a private driveway. As a result, Damschroder's vehicle collided with Caudill's vehicle.

{¶ 6} Subsequently, Caudill brought suit in the Allen County Court of Common Pleas against Damschroder alleging negligence and seeking damages for his injuries. Damschroder defended the action by alleging that Caudill caused the accident by failing to use his turn signal prior to making the left turn.

{¶ 7} At trial, Damschroder testified that Caudill did not have his turn signal on and therefore he had no way of knowing that Caudill intended to turn left. Caudill insisted that his turn signal was on but admits that he did not look into his rearview mirror and consequently never saw Damschroder coming.

{¶ 8} At the close of the presentation of the evidence Caudill moved for a directed verdict on the issue of Damschroder's negligence for failing to give an audible signal prior to passing Caudill on the left side. Caudill argued that Ohio law required Damschroder to use an audible signal before overtaking Caudill's vehicle and that his failure to do so constituted negligence per se. The trial court overruled the motion.

{¶ 9} Caudill further raised objections to two of the jury instructions, characterizing them as improper or incomplete statements of the law. The trial court overruled Caudill's objections. Thereafter the jury returned a verdict for the defendant.

{¶ 10} Appellant raises the following assignments of error:

{¶ 11} "The court erred in failing to grant a directed verdict on liability of Damschroder for failure to properly signal prior to passing on the left on a two-lane road.

{¶ 12} "The court erred in charging the jury that plaintiff could only turn left on a two-lane road after he had used ordinary care to make sure the movement could be made with reasonable safety and after signaling a left turn for 100 feet as such instruction required him to make sure that he had an assured clear distance ahead and also an assured clear distance behind and only required the defendant [who] was passing on the left to activate his turn signal at some undefined point prior to passing."

{¶ 13} Caudill presents two assignments of error and one argument. Despite the fact that a motion for directed verdict and an objection to jury instructions are entirely separate matters with respect to issues of law and appellate review, Caudill chooses to present one argument in support of both, seemingly based on the premise that the law requires the driver of a passing vehicle to audibly signal the vehicle he is attempting to overtake. We do not find either of the assignments of error to be well taken.

{¶ 14} The rules governing the overtaking of vehicles when the vehicles are proceeding in the same direction can be found in R.C. 4511.27, which states:

{¶ 15} "(A) The operator of a vehicle or trackless trolley overtaking another vehicle or trackless trolley proceeding in the same direction shall, except as provided in division (C) of this section, signal to the vehicle or trackless trolley to be overtaken, shall pass to the left thereof at a safe distance, and shall not again drive to the right side of the roadway until safely clear of the overtaken vehicle or trackless trolley.

{¶ 16} "(B) Except when overtaking and passing on the right is permitted, the operator of an overtaken vehicle shall give way to the right in favor of the overtaking vehicle at the latter's audible signal, and he shall not increase the speed of his vehicle until completely passed by the overtaking vehicle."

{¶ 17} While R.C. 4511.27(B) provides that the driver of the overtaken vehicle should yield to an audible signal, R.C. 4511.27(A) does not *require* the passing vehicle to give an audible signal. The Ohio Supreme Court recognized as much in *Wilfong v. Batdorf* (1983), 6 Ohio St.3d 100, 6 OBR 162, 451 N.E.2d 1185, overruled on other grounds by *Van Fossen v. Babcock & Wilcox Co.* (1988), 36 Ohio St.3d 100, 522 N.E.2d 489, when it held that the mere failure of a driver of an overtaking vehicle to give an audible signal before passing a vehicle to be overtaken is not sufficient evidence to render that driver guilty of contributory negligence as a matter of law. The *Wilfong* court further held that the fact that

R.C. 4511.27(A) and (B) state separate requirements and the fact that Subsection (A) does not mention an audible signal was significant.

{¶ 18}   In *Wilfong* the court stated:

{¶ 19}   "The purpose of giving a signal before passing is to alert the vehicle being overtaken so that such vehicle will not move into the left lane where the overtaking vehicle is travelling.  The requirement that such signal be audible is not set forth in R.C. 4511.27(A).  Any signal which would be effective to alert a driver of a vehicle to be overtaken of the intention of an overtaking vehicle's driver to pass is sufficient to satisfy Subsection (A)." *Id* at 102, 6 OBR 162, 451 N.E.2d 1185.

{¶ 20}   Caudill attempts to distinguish the case at bar from *Wilfong* by arguing that the accident in *Wilfong* occurred on a rural highway with vehicles moving at a substantial speed whereas the accident in the current case occurred in a "business district" while traveling at 5 m.p.h. This is an irrelevant distinction because the regulations for passing do not change according to the speed of vehicles, nor do they change from a rural to urban requirement.  Caudill fails to address the language in *Wilfong* that specifically states that a passing driver is not negligent per se when he passes without an audible signal.

{¶ 21}   When a court has before it a motion for a directed verdict, it must grant the motion when, construing the evidence most strongly in favor of the party opposing the motion, it finds that reasonable minds can only come to one conclusion and that conclusion is adverse to the party opposing the motion. *The Limited Stores, Inc. v. Pan Am. World Airways, Inc.* (1992), 65 Ohio St.3d 66, 73, 600 N.E.2d 1027, 1033–1034.  When construing all the evidence in favor of Damschroder, reasonable minds could have come to more than one conclusion on the issue of Damschroder's failure to use an audible signal.  Therefore, the trial court's denial of the motion was proper, and Caudill's first assignment of error is overruled.

{¶ 22}   In his second assignment of error Caudill argues that the jury should have been instructed that a "signal" by a passing vehicle would include an audible signal and not just a "light signal."

{¶ 23}   Regarding appellate review of jury instructions, the Supreme Court of Ohio has stated:

{¶ 24}   "A jury charge must be considered as a whole and a reviewing court must determine whether the jury charge probably misled the jury in a matter materially affecting the complaining party's substantial rights." *State v. Noggle* (2000), 140 Ohio App.3d 733, 750, 749 N.E.2d 309, citing *Becker v. Lake Cty. Mem. Hosp. West* (1990), 53 Ohio St.3d 202, 208, 560 N.E.2d 165, 171.

{¶ 25}  In the case at bar the trial court instructed the jury as follows:

{¶ 26}  "A driver of a vehicle going in the same direction must signal to the vehicle being overtaken, must pass to the left side at a safe distance, and must not return to the right side of the road way until safely clear of the overtaken vehicle."

{¶ 27}  Contrary to what Caudill argues, the court did not instruct the jury that the signal had to be a "light" signal.  The trial court simply stated a signal was required.  As thoroughly discussed above, this instruction is a proper statement of the law.  If, taken in their entirety, the instructions fairly and correctly state the law applicable to the evidence presented at trial, reversible error will not be found merely on the possibility that the jury may have been misled.  *Ohio Farmers Ins. Co. v. Cochran* (1922), 104 Ohio St. 427, 135 N.E. 537, paragraph six of the syllabus.  Moreover, ambiguity in a portion of the instructions will not constitute reversible error unless the instructions are so misleading that they prejudicially affect a substantial right of the complaining party.  *Becker v. Lake Cty. Mem. Hosp. West* (1990), 53 Ohio St.3d 202, 208, 560 N.E.2d 165.  The instructions as rendered to the jury in this case were not so misleading, if at all, as to substantially affect Caudill's rights.  Caudill's argument therefore is not well taken.

{¶ 28}  Caudill further argues that another instruction somehow implied to the jury that a driver must look to the rear prior to turning left.  The trial court instructed the jury as follows:

{¶ 29}  "The driver of a vehicle must not turn left on a highway until he has used ordinary care to make sure that the movement can be made with reasonable safety.  He must also give a proper signal.

{¶ 30}  "The driver of a vehicle must give a continuous signal by hand and arm or signal light at least one hundred feet prior to making his turn so as to clearly show to following traffic his intention to make such a turn.  A failure to give such a signal is negligence."

{¶ 31}  Again, the above instructions are proper statements of the law.  Caudill does not argue that the instructions are improper.  Instead, he argues that the instructions leave the jury with the impression that Caudill was required to signal for one hundred feet whereas Damschroder had to make only "some kind of signal" for his intention to pass.  This is a proper summary of the law which Caudill is free to dislike.  However, it is the law nevertheless, and therefore the jury instructions were proper.  Accordingly, Caudill's second assignment of error is overruled.

{¶ 32}  For the reasons stated it is the order of this court that the judgment of the Court of Court of Common Pleas, Allen County, be affirmed.

Judgment affirmed.

SHAW, P.J., and WALTERS, J., concur.