OPINION
{¶ 1} Appellants, Grant, Steven, and Gail Hillman ("the Hillmans" or "appellants"), filed this appeal seeking reversal of a judgment by the Franklin County Court of Common Pleas in favor of appellees, Edward Kosnik and Neurological Associates, Inc. (individually "Dr. Kosnik" and collectively "appellees"). For the reasons that follow, we affirm the trial court's judgment. *Page 2 
 {¶ 2} Steven and Gail Hillman are the parents and natural guardians of Grant Hillman. In early 1990, the Hillmans were referred to Dr. Kosnik to evaluate the cause of seizures Grant was experiencing. An MRI showed that the seizures were the result of a tumor in the temporal lobe of Grant's brain. Dr. Kosnik recommended surgery to remove the tumor, but the parties disagree regarding the nature of the discussions. The Hillmans allege that Dr. Kosnik informed them the surgery would not result in any complications and that there were no potential risks posed by performing the surgery, while Dr. Kosnik alleges that he informed the Hillmans that the tumor was located in an area of the brain that affects memory and speech.
 {¶ 3} On February 7, 1990, Dr. Kosnik performed the surgery. Dr. Kosnik testified that, upon exposing Grant's temporal lobe, he discovered that he would be unable to remove the tumor as planned due to the presence of a large vein. Dr. Kosnik then removed a small part of the tumor so a biopsy could be performed. Dr. Kosnik testified that he informed the Hillmans of this result, but the Hillmans disagree, alleging instead that Dr. Kosnik told them he had removed most of the tumor. The Hillmans allege that, as a result of Dr. Kosnik's actions, Grant suffered permanent brain damage.
 {¶ 4} The Hillmans filed a medical malpractice action against appellees on April 16, 1997, which was voluntarily dismissed on February 11, 2000. On June 6, 2000, the Hillmans refiled the complaint, alleging causes of action for medical malpractice, failure to obtain informed consent, and fraud. Appellees filed a motion for summary judgment supported by Dr. Kosnik's affidavit stating that all actions he took met the standard of care required of a physician. The Hillmans filed a memorandum contra supported by an affidavit executed by Steven Hillman, in which he alleged that Dr. Kosnik *Page 3 
had misinformed the Hillmans of the risks associated with the surgery and had told them that the tumor had been removed when it had not. The Hillmans did not support their memorandum contra with any expert medical opinion stating that Dr. Kosnik's conduct had not met the standard of care required of a physician, arguing that the nature of the conduct at issue did not require expert medical testimony.
 {¶ 5} The trial court granted summary judgment in favor of appellees on the medical malpractice and informed consent causes of action, finding that the nature of the claims did require expert medical testimony for the Hillmans to establish their claims, but found genuine issues of material fact existed regarding the Hillman's claim of fraud. The Hillmans filed an appeal that included appeals of the dismissal of the medical malpractice and informed consent claims, but we dismissed that portion of the appeal for lack of a final appealable order.Hillman v. Kosnik, Franklin App. No. 05AP-122, 2005-Ohio-4679.
 {¶ 6} The Hillmans' fraud claim proceeded to a jury trial. The jury returned a verdict in favor of appellees. The Hillmans then filed this appeal, alleging as assignments of error:
 Assignment of Error One The Trial Court erred when it refused to declare a mistrial after the Defendant/Appellee in voir dire told the jury that the Plaintiff/Appellants had already had their day in court and that all of those charges or claims had been dismissed.
 Assignment of Error Two The Trial Court erred by granting the motion of the Defendants/Appellees for Summary Judgment as to the issue of medical malpractice by requiring the use of an expert other than the Appellee. *Page 4 
 Assignment of Error Three The Trial Court erred by granting Summary Judgment thereby dismissing the action regarding the lack of informed consent.
 Assignment of Error Four The Trial Court erred when it introduced to the jury the Defendant/Appellee's wife who was seated in the gallery.
 Assignment of Error Five The Trial Court erred when [it] declared to the Jury that the Defendant/Appellee was to be considered an expert when there was no expert opinion testimony introduced during the trial. This error when considered cumulatively with errors one and four requires a remand.
 {¶ 7} For ease of discussion, we will address the Hillmans' assignments of error out of order. The second and third assignments of error will be addressed together, as both errors involve the trial court's grant of summary judgment in favor of appellees on the Hillmans' claims for medical malpractice and lack of informed consent. We review the trial court's grant of summary judgment de novo. Coventry Twp. v.Ecker (1995), 101 Ohio App.3d 38, 654 N.E.2d 1327. Summary judgment is proper only when the party moving for summary judgment demonstrates: (1) no genuine issue of material fact exists, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds could come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, when the evidence is construed in a light most favorable to the non-moving party. Civ. R. 56(C); State ex rel. Grady v. State Emp. Relations Bd. (1997),78 Ohio St.3d 181, 183, 677 N.E.2d 343.
 {¶ 8} Under summary judgment motion practice, the moving party bears an initial burden to inform the trial court of the basis for its motion, and to point to portions of the *Page 5 
record that indicate that there are no genuine issues of material fact on a material element of the non-moving party's claim. Dresher v.Burt, 75 Ohio St.3d 280, 1996-Ohio-107, 662 N.E.2d 264. Once the moving party has met its initial burden, the non-moving party must produce competent evidence establishing the existence of a genuine issue for trial. Id.
 {¶ 9} In a claim for medical malpractice, a plaintiff must show the existence of a standard of care within the medical community, breach of that standard by the defendant, and proximate cause between the breach of that standard and the injuries suffered by the plaintiff.Williams v. Lo, Franklin App. No. 07AP-949, 2008-Ohio-2804. When the elements of a medical malpractice claim are beyond the common knowledge and understanding of the trier of fact, expert testimony regarding the elements must be offered to prove the claim. Campbell v. Ohio StateUniv. Med. Ctr., Franklin App. No. 04AP-96, 2004-Ohio-6072. When a moving party has offered expert testimony in support of a motion for summary judgment, the non-moving party must submit contrary expert testimony to survive the motion, unless the standard of care is so obvious that a nonexpert can reasonably evaluate the conduct in question. Id.
 {¶ 10} In order to prevail on a claim of lack of informed consent, a plaintiff must show: (1) the physician failed to disclose to and discuss with the patient the material risks and dangers inherently and potentially involved with the proposed treatment, (2) the undisclosed risks actually materialize and are the proximate cause of injury to the plaintiff, and (3) a reasonable person in the patient's position would have decided against the proposed treatment if the risks had been properly disclosed. Fernandez v. Ohio State Pain Control Ctr, Franklin App. No. 03AP-1018, 2004-Ohio-6713. Expert testimony is *Page 6 
required to establish what the material risks associated with a procedure are, and whether those risks actually materialized and proximately caused the plaintiff's injuries, as those issues are beyond the knowledge of a lay person. Id.
 {¶ 11} In this case, appellees supported their motion for summary judgment with an affidavit executed by Dr. Kosnik, in which he stated that all the care he provided to Grant met the standard of care required of a physician, that no act or omission on his part was the proximate cause of any injury to Grant, and that he provided appropriate informed consent to the Hillmans prior to conducting the surgery on Grant. In response to the motion for summary judgment, the Hillmans did not provide any expert witness testimony contradicting Dr. Kosnik's affidavit. Instead, the Hillmans offered an affidavit executed by Steven Hillman, in which he stated that Dr. Kosnik told them there would be no risks or problems associated with removal of the entire tumor, and that Dr. Kosnik informed them after the surgery that the entire tumor had been removed. The Hillmans argued that the nature of the conduct Dr. Kosnik was alleged to have engaged in was such that expert testimony was not required.
 {¶ 12} The trial court considered the affidavits offered in support of and in opposition to the motion for summary judgment, and concluded that the nature of the conduct of Dr. Kosnik was such that expert medical testimony was necessary to establish the elements of both the medical malpractice and lack of informed consent claims. Having reviewed the evidentiary materials, we agree that the standard of care and the medical risks involved in the surgery were not within the knowledge of an ordinary layperson. Consequently, in order to survive appellees' motion for summary judgment, it was necessary to provide competing expert medical testimony. *Page 7 
 {¶ 13} On appeal, the Hillmans argue that summary judgment was inappropriate based on Dr. Kosnik's affidavit because the competing versions of what statements were made by Dr. Kosnik to the Hillmans necessarily involved a weighing of the credibility of the two affiants, giving rise to a genuine issue of material fact. Killilea v. Sears,Roebuck Co. (1985), 27 Ohio App.3d 163, 27 OBR 196, 499 N.E.2d 1291. However, we agree with the trial court that the factual disagreement related to the Hillmans' claim of fraud, and not to the elements the Hillmans were required to establish to prevail on their medical malpractice and informed consent claims. Because the elements of those claims required knowledge outside the common understanding of an ordinary layperson, Steven Hillman's affidavit was not sufficient to demonstrate the presence of genuine issues of material fact, and the trial court properly granted summary judgment in favor of appellees.
 {¶ 14} Consequently, the Hillmans' second and third assignments of error are overruled.
 {¶ 15} In their first assignment of error, the Hillmans argue that the trial court erred when it failed to declare a mistrial during the trial of the Hillmans' fraud claim after counsel for appellees stated during voir dire that the Hillmans had had a number of claims dismissed. The precise statement is as follows:
 MR. SHUMACHER: To his shock, years later, Dr. Kosnik got a lawsuit out of this, and that lawsuit alleged malpractice and fraud and a bunch of other stuff. All that's been thrown out by the Court already.
(Tr. I, 31-32.) *Page 8 
 {¶ 16} Counsel asked for a sidebar, during which the trial court was asked to declare a mistrial. The trial court declined to declare a mistrial, electing to instruct the jury as follows:
 THE COURT: Now, there was an objection because counsel had mentioned some other portion of this case. Whatever may have happened in some other portion of this case has absolutely nothing to do with the issue that's before this jury. That's the claim of fraud. I briefly mentioned it to you. It will be described to you more carefully and more accurately, I should say, not accurately, but more in depth at a later point, but that's the only question before this jury.
 We're not here to decide if O.J. really did it. We're not here to decide who did such and such. Those are issues that have nothing to do with this case, and I'm going to instruct you to * * * disregard counsel's comment, because you really don't have any part of the — they are not any part of this case.
(Tr. I, 35-36.)
 {¶ 17} The decision whether to grant a motion for mistrial is addressed to the sound discretion of the trial court. State v.Bruce, Franklin App. No. 07AP-355, 2008-Ohio-4370, citing Parker v.Elsass, Franklin App. No. 01AP-1306, 2002-Ohio-3340. The trial court is in the best position to determine whether the circumstances of the case require that a mistrial be declared, or whether other corrective measures are adequate. Id. A mistrial should only be granted when the party seeking it demonstrates that he or she has suffered material prejudice such that a fair trial is no longer possible. Id., citingState v. Franklin (1991), 62 Ohio St.3d 118, 580 N.E.2d 1.
 {¶ 18} In this case, counsel's comment regarding the claims that had been dismissed represented a single isolated instance, and the trial court promptly instructed the jury not to consider the comment. Given these facts, and with the presumption that *Page 9 
juries follow the instructions they are given, we cannot say the trial court abused its discretion in denying the motion for a mistrial.
 {¶ 19} Consequently, the Hillmans' first assignment of error is overruled.
 {¶ 20} In their fourth assignment of error, the Hillmans argue that the trial court erred when it introduced Dr. Kosnik's wife to the members of the jury. The Hillmans' brief fails to identify a page of the trial transcript at which this alleged error occurred, and our review of the transcript does not show the trial court taking any such action. During voir dire, appellees' counsel introduced Mrs. Kosnik for the specific purpose of determining whether any of the prospective members of the jury knew her, but there was nothing inappropriate about this action.
 {¶ 21} Consequently, the Hillmans' fourth assignment of error is overruled.
 {¶ 22} In their fifth assignment of error, the Hillmans argue that the trial court erred when, in response to a question from the jury during deliberations, it informed the jury that Dr. Kosnik was to be considered an expert. The jury asked two questions during deliberations:
 1. Is Dr. Kosnik the expert witness that was referred to by the judge?
 2. Does Dr. Kosnik's involvement in the suit preclude him from being considered an expert witness?
(Court Ex. 1.)
 {¶ 23} The following discussion then took place between the trial court and counsel:
 MR. SHUMACHER: Clearly his involvement does not preclude him from offering expert opinions, so I guess that makes him an expert witness. *Page 10 
 THE COURT: I propose I can answer the questions, yes, no.
 MR. WOLERY: I believe that would be correct. He is the expert they are referring to, but because of his personal involvement, I don't think his testimony should weigh any more than any other witness'.
 THE COURT: They've been given instructions that a person, any person's interest or bias in the case is considered, and that includes experts, so the answer to these things are —
 MR. WOLERY: Right, but I don't think he should be considered an expert in his opinion because he also has an interest in the outcome in this case.
 THE COURT: He still can be an expert.
 MR. WOLERY: I'm saying, I agree with you, yes, he's an expert, but does his involvement preclude him from being considered an expert in the case.
 THE COURT: The answer to that is no.
 MR. WOLERY: I agree. Well, the problem — the problem by saying, "Does it preclude him from being an expert," there's the tendency to give more weight to an expert.
 THE COURT: Well, on a medical question, I would certainly think so. In general —
 MR. WOLERY: I think the Court — but there we end up in that — that area that gets murky as far as the weight of what they're gonna give to his testimony. That's my only concern.
 THE COURT: Well, if you would like me to reread the instructions on how to consider the testimony of any witness, including experts, I can do that, but that's already there.
 MR. SHUMACHER: I don't think that's necessary, Judge, nor does the question go to that. These are straightforward questions that deserve straightforward answers, yes and no.
 THE COURT: What I'm going to do is just answer it yes and no. *Page 11 
 MR. WOLERY: Okay.
 MR. HILLMAN: And I would — I would also ask the Court to refer to its own instruction, just not reread the instruction, but refer them to the credibility instruction that is then, and you can also have them refer to the expert witness instruction.
 MR. SHUMACHER: Your honor, I object to that.
 THE COURT: I'm not going to ask them to refer to — I think the answers are clear, so I'm just going to send it in that way.
 * * *
 MR. HILLMAN: Would you note my objection, that the only thing that should be done, if anything, either A, don't answer them, or B, simply read the two instructions about credibility and expert witness again, or refer them to it.
(Tr. III, 138-140.)
 {¶ 24} When a jury requests supplemental instructions during the course of its deliberations, a trial court has the discretion to determine its response to the request. State v. Baker, Preble App. No. CA2007-09-018, 2008-Ohio-5544, citing State v. Carter,72 Ohio St.3d 545, 1995-Ohio-104, 651 N.E.2d 965. Thus, we can reverse only upon a showing that the trial court abused its discretion. Id.
 {¶ 25} In making this determination, the supplemental instruction given by the court must be considered in its entirety to determine whether the court's instruction constituted prejudicial error.Caudill v. Damschroder, 147 Ohio App.3d 233, 2002-Ohio-1196,769 N.E.2d 902. Where the instruction is a proper statement of the law, prejudicial error will not be found based on the mere possibility that the jury may have been misled. Id. *Page 12 
 {¶ 26} In this case, the jury instructions included standard instructions on the credibility of witnesses generally and on expert witnesses specifically. The general instruction regarding the credibility of witnesses included an instruction that the jurors were to consider the credibility of all the witnesses, and were free to disbelieve part or all of the testimony of any of the witnesses. (Tr. III, 109-110.) The instruction regarding expert witnesses included an instruction that expert testimony is an exception to the general rule against a witness giving opinion testimony. The trial court instructed the jury that:
 * * * questions have been asked in which we had one expert witness in this case testify, in the case. Questions were asked which would or may have been asked which asked the witness to assume that certain facts were true and to give an opinion based upon the assumptions, a so-called hypothetical question. You must determine if any assumed facts which might have been asked of an expert upon which the expert may base an opinion are, in fact, true. And if the assumed fact or facts was not established by the preponderance of the evidence, you will then determine the effect of that failure on the value of the opinion of the expert.
 Other questions may have been asked of an expert witness after the witness disclosed the underlying facts or data upon which the opinion was made, and it is for you, the jury, to determine if those underlying facts or data on which the opinion was based are in fact true. And again, you will determine the weight to give such evidence.
 As with all witnesses, you must decide what weight you feel is appropriate to give to the testimony of an expert witness. And in determining the weight of expert testimony, consider that expert's skill, experience, knowledge, voracity, familiarity with the facts of this particular case, and the usual rules for testing credibility and determining the weight to give to testimony.
(Tr. III, 110-111.) *Page 13 
 {¶ 27} The Hillmans argue that Dr. Kosnik's testimony did not include any opinion testimony that would have required that he be considered an expert. In fact, Dr. Kosnik's testimony included a great deal of testimony regarding his education and experience that would normally be foundation to have him identified as an expert witness. (Tr. II, 145-154.) However, it does not appear that the trial court was ever asked to grant Dr. Kosnik expert witness status. Furthermore, since the only surviving claim at issue in the trial was the Hillmans' fraud claim, expert testimony was not required.[1]
 {¶ 28} Despite this, the jury was given the instruction regarding expert testimony. Since Dr. Kosnik was never identified to the jury as an expert, this would almost certainly have caused some confusion on the jury's part, since the instructions included, apparently without objection from the Hillmans, a statement that the jury had heard expert testimony. Thus, the court's first supplemental instruction that Dr. Kosnik was the expert witness to whom the instructions referred, although possibly erroneous due to the lack of need for expert testimony, actually had the effect of reducing confusion on the jury's part.
 {¶ 29} Even assuming that it was error for the court to have informed the jury that Dr. Kosnik was the expert to whom the instructions referred, we find no prejudice from the supplemental instruction. When the Hillmans objected to the trial court's supplemental instruction, they did not argue that Dr. Kosnik would not have qualified as an expert, but only that the jury should not be informed of that status because of the possibility that the jury would give his testimony undue additional weight. *Page 14 
 {¶ 30} However, the danger that the jury would give Dr. Kosnik's testimony undue weight due to his identification as an expert was sufficiently addressed by the trial court's instruction that the same rules that apply to considering credibility of general witness testimony should be applied to considering the credibility of the expert witness. Given this instruction, we cannot say that prejudice resulted from the supplemental instruction identifying Dr. Kosnik as the expert witness to whom the instructions referred.
 {¶ 31} Consequently, the Hillmans' fifth assignment of error is overruled.
 {¶ 32} Having overruled the Hillmans' assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
PETREE and FRENCH, JJ., concur.
[1] At some points during Dr. Kosnik's testimony, he was asked questions seeking his opinion regarding the effect that some actions may have had. For example, Dr. Kosnik was asked if Grant's problems would have been resolved if the tumor had been removed when Grant was first brought to him as a patient, which might arguably go to the element of a fraud claim requiring a plaintiff to prove injuries proximately caused by reliance on a material misrepresentation. *Page 1