[Cite as *Bray v. Bray*, 2011-Ohio-861.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

LISA A. BRAY,                                :
                                             :
      Plaintiff-Appellant,           :          Case No: 10CA3167
                                             :
      v.                             :
                                             :          DECISION AND
ROBERT L. BRAY,                              :          JUDGMENT ENTRY
                                             :
      Defendant-Appellee.            :          File-stamped date:  2-23-11

_____

APPEARANCES:

L. Jackson Henniger, L. Jackson Henniger & Assoc., Logan, Ohio, for Appellant.

Thomas M. Spetnagel and Paige J. McMahon, Spetnagel and McMahon, Chillicothe, Ohio, for Appellee.

_____

Kline, J.:

**{¶1}**      Lisa A. Bray (hereinafter "Lisa") appeals the judgment of the Ross County Court of Common Pleas, which granted her a divorce from Robert L. Bray (hereinafter "Robert").  On appeal, Lisa contends that the trial court erred (1) in its award of spousal support, (2) in its valuation of an automobile, and (3) in reaching decisions that are against the manifest weight of the evidence.  However, because her appellate brief does not comply with App.R. 16(A)(7), we choose to disregard her fourth, sixth, and seventh assignments of error.

**{¶2}**      We will, however, address Lisa's five remaining assignments of error. Initially, Lisa contends that the trial court erred in not allowing her to testify about the value of Robert's business equipment.  Because the trial court did not commit plain

error by excluding this testimony, we disagree.  Next, Lisa contends that the trial court did not equitably divide the marital property.  But we find that her argument has no merit for two reasons.  First, as we noted above, the trial court did not commit plain error in relation to Lisa's testimony.  And second, we will not second guess the trial court's credibility determinations.  Lisa further contends that the trial court erred in denying her motion for mistrial.  Because Lisa failed to demonstrate either (1) material prejudice or (2) that a fair trial was no longer possible, we disagree.  Finally, Lisa contends that the trial court erred in denying her request for attorney's fees.  Because Lisa did not demonstrate that her fee request was reasonable and necessary, we disagree.  Accordingly, we overrule Lisa's first, second, third, fifth, and eighth assignments of error, and we affirm the judgment of the trial court.

I.

{¶3}     On December 29, 2005, Lisa filed for divorce from Robert.  In her complaint, Lisa requested a fair and equitable distribution of the marital assets and debts.

{¶4}     Two different attorneys represented Lisa in the proceedings below.  At some point during this case, Lisa's original counsel incurred criminal charges unrelated to Lisa's divorce.  Robert's attorney was then hired to represent Lisa's original counsel in the unrelated criminal matter.  Later, in February 2009, Lisa fired her original counsel and hired her current attorney.

{¶5}     The magistrate held "Final Divorce Hearing[s]" on March 3, 2008; December 11, 2008; April 22, 2009; and June 26, 2009.  Lisa's original counsel represented Lisa during the two 2008 hearings, and Lisa's current attorney represented Lisa during the

two 2009 hearings.  Throughout the four hearings, both Lisa and Robert testified about their various assets and debts.

{¶6}      Robert is the sole proprietor of a logging business that he had acquired during the marriage.  During the December 11, 2008 hearing, Lisa attempted to testify about the monetary value of the logging business's equipment.  Robert objected to this testimony because "[a]n owner is allowed to give an opinion" as to value, and the equipment "belong[ed] to Rob Bray[.]"  December 11, 2008 Transcript at 107.  The magistrate sustained Robert's objection, and Lisa was not permitted to testify about the equipment's monetary value.

{¶7}      At the start of the April 22, 2009 hearing, Lisa's current counsel moved for a mistrial.  Although the arguments supporting her initial motion for mistrial are not in the record, Lisa apparently requested a mistrial based on Robert's attorney having represented Lisa's original counsel in the unrelated criminal matter.  The magistrate denied Lisa's motion.

{¶8}      On August 18, 2009, the magistrate issued a decision on the various contested issues.  In relevant part, the magistrate (1) divided the marital assets and debts, (2) recommended that Robert pay $250 per week in spousal support for a period of forty-eight months, and (3) recommended that both Lisa and Robert pay their own attorney's fees.

{¶9}      Lisa filed her objections to the magistrate's decision, but the trial court overruled her objections.  Additionally, the trial court (1) adopted the magistrate's findings and (2) granted both Lisa and Robert judgments of divorce against each other.

{¶10}     Lisa appeals and asserts the following eight assignments of error: I. "The trial court erred when it held that Appellant Lisa A. Bray was not permitted to express her opinion as to the value of equipment that was the equipment of the family business, ostensibly owned by her husband, Appellee Robert L. Bray, which property was marital property, thereby constituting her as a de facto owner of the property by nature of her equitable if not a legal interest in the property arising from her entitlement to a distributive share of the property under R.C. [] 3105.171." II. "The trial court erred when it held that Appellant Lisa A. Bray was not permitted to express her opinion as to the value of equipment that was the equipment of the family business, ostensibly owned by her husband, Appellee Robert L. Bray, under the circumstances that she was an employee of the company who handled the books and records of the company and was familiar with the equipment, and had otherwise acquainted herself with the property values." III. "The trial court erred when it failed to make an equitable division of property as required by R.C. [] 3105.171: a. under the circumstances that Appellant was not permitted to testify as to value of equipment that was marital property[;] b. under the circumstances that Appellee was obviously not credible when he testified that he had disposed of items of equipment or that his son Ryan Bray owned them, all which flies in the face of the insurance declaration page setting forth insured items as well as the depreciation schedule of a tax return prepared by his own accountant[;] c. under the circumstances that Appellee was obviously not credible when he testified that his 19 year old son Ryan Bray had taken over the business or words to that effect in the face of the major gross income coming to the son, that was upwards of $150,000 per month for several months[;] d. under the circumstances that Appellee was obviously not

credible and his tax returns were not credible and did not reflect the true state of income, which was substantially higher than shown on the returns ($25,000 to $40,000), given that he made substantial purchases of equipment (in excess of several hundred thousand dollars), during the period of separation of the parties and before their separation, having acquired hundreds of thousands of dollars of equipment prior to the separation, much of which he claims blew up or was sold off, and was loaned hundreds of thousands of dollars by his banks."  IV. "The trial court erred when it awarded Appellant spousal support in the low sum of $1,000 per month for a period of four years in the face of a twenty-one and one-half year marriage, given the obvious understatement of income by Appellee."  V. "The trial court erred, plainly erred or abused its discretion, when it failed to grant a mistrial to Appellant for lack of fairness to the Appellant emanating from the inadherence to ethical standards by counsel in the preceding portions of the trial.  New counsel L. Jackson Henniger so moved, upon the court being informed of the obvious ethical conflicts of Appellant's previous counsel * * * and Thomas J. Spetnagel, in contravention of Prof. Cond. Rule 1.7 (a)(2), under the circumstances that [Lisa's original counsel], when faced with a criminal charge, hired, of all people, opposing counsel in this case, Thomas M. Spetnagel, while this case was under way and while each attorney represented an opposing party in this case."  VI. "The court erred in reaching decisions that were against the manifest weight of the evidence."  VII. "The court erred in assigning a value for a Chevelle automobile that was not supported by the evidence and that was Wife's separate property as being a gift from her father, and finding that it was marital property."  And, VIII. "The court erred in not awarding the Appellant attorney fees because the court relied on case law that

interpreted a statute that was no longer effective regarding the awarding of attorney fees at the time Appellant filed her complaint in divorce."

                                                    II.

**{¶11}** Initially, we must note a deficiency in Lisa's appellate brief. As Robert correctly observes, Lisa's appellate brief does not comply with App.R. 16(A)(7), which provides: "The appellant shall include in its brief, under the headings and in the order indicated, all of the following: * * * An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. The argument may be preceded by a summary." Lisa, however, has cited no authority in support of her third, fourth, sixth, or seventh assignments of error – not a single statute, case, or treatise.

**{¶12}** "'If an argument exists that can support [an] assignment of error, it is not this court's duty to root it out.'" *Thomas v. Harmon*, Lawrence App. No. 08CA17, 2009-Ohio-3299, at ¶14, quoting *State v. Carman*, Cuyahoga App. No. 90512, 2008-Ohio-4368, at ¶31. "'It is not the function of this court to construct a foundation for [an appellant's] claims; failure to comply with the rules governing practice in the appellate courts is a tactic which is ordinarily fatal.'" *Catanzarite v. Boswell*, Summit App. No. 24184, 2009-Ohio-1211, at ¶16, quoting *Kremer v. Cox* (1996), 114 Ohio App.3d 41, 60. Therefore, "[w]e may disregard any assignment of error that fails to present any citations to case law or statutes in support of its assertions." *Frye v. Holzer Clinic, Inc.*, Gallia App. No. 07CA4, 2008-Ohio-2194, at ¶12. See, also, App.R. 16(A)(7); App.R. 12(A)(2); *Oldacre v. Oldacre*, Ross App. No. 08CA3073, 2010-Ohio-1651, at ¶35 (Kline,

J., with one judge concurring in judgment only); *Albright v. Albright*, Lawrence App. No. 06CA35, 2007-Ohio-3709, at ¶16; *Tally v. Patrick*, Trumbull App. No. 2008-T-0072, 2009-Ohio-1831, at ¶21-22; *Jarvis v. Stone*, Summit App. No. 23904, 2008-Ohio-3313, at ¶23; *Sigmon v. Southwest Gen. Health Ctr.*, Cuyahoga App. No. 88276, 2007-Ohio-2117, at ¶50-51; *In re T.G.*, Butler App. Nos. CA2005-10-444 & CA2005-12-521, 2006-Ohio-5504, at ¶34-36; *Henry v. Gastaldo*, Tuscarawas App. No. 2005 AP 03 0022, 2005-Ohio-4109, at ¶3-4.

**{¶13}** In the past, we have often reviewed noncompliant appellate briefs "in the interest of justice." See, e.g., *Frye* at ¶12; *Albright* at ¶16. We do not believe, however, that justice requires this court to review three of Lisa's assignments of error.

**{¶14}** Under her sixth assignment of error, Lisa argues (in just two sentences) that the result of the "entire proceeding" is against the manifest weight of the evidence. In our view, however, Lisa's sixth assignment of error is too vague to address on appeal, especially because it contains (1) no citations to the record and (2) no citations to any legal authority.

**{¶15}** The argument supporting Lisa's seventh assignment of error contains just seven words: "This finding is unsupported by the evidence." Again, without citations to the record or to any legal authority, we do not believe that justice requires this court to review Lisa's seven-word argument.

**{¶16}** The argument supporting Lisa's fourth assignment is somewhat more specific than the arguments under her sixth-and-seventh assignments of error. Nevertheless, in her fourth assignment of error, Lisa asks this court to construct the entire foundation for her spousal-support claim. Lisa makes no citations to the record, and she has not cited

any legal authority. Instead, Lisa has requested (1) that we build the legal basis for her argument and (2) that we search the entire record to find evidence that might support her claim. Essentially, as it relates to her fourth assignment of error, Lisa has asked this court to serve as her appellate counsel. We do not believe that such an undertaking would be in the interest of justice.

**{¶17}** Accordingly, we will not review Lisa's fourth, sixth, or seventh assignments of error.

III.

**{¶18}** Before addressing Lisa's first-and-second assignments of error, we must note another procedural deficiency. That is, in her appellate brief, Lisa has failed to separately argue her first-and-second assignments of error as required by App.R. 16(A)(7). Instead, Lisa has presented just one argument in support of both assignments of error. Under App.R. 12(A)(2), we may choose to disregard any assignment of error that an appellant fails to separately argue. Therefore, we could exercise our discretionary authority to summarily overrule Lisa's first-and-second assignments of error. See *Newman v. Enriquez*, 171 Ohio App.3d 117, 2007-Ohio-1934, at ¶18; *Mtge. Electronic Registrations Sys. v. Mullins*, 161 Ohio App.3d 12, 2005-Ohio-2303, at ¶22, citing *Park v. Ambrose* (1993), 85 Ohio App.3d 179, 186; *State v. Caldwell* (1992), 79 Ohio App.3d 667, 677, fn. 3. In the interest of justice, however, we choose to address Lisa's first-and-second assignments of error.

A.

**{¶19}** In her first-and-second assignments of error, Lisa contends that the trial court should have allowed her to testify "as to the value of equipment that was the equipment

of the family business[.]" Brief of Appellant at 1. Lisa raises two arguments in support

of her first-and-second assignments of error. First, because she was Robert's wife, Lisa

argues that she was also a de facto owner of the equipment. And second, Lisa argues

that she was familiar with the value of the equipment because she handled the

business's books and records. For these reasons, Lisa contends (1) that she fell under

an exception to the expert-witness rule in Evid.R. 702 and (2) that she should have

been permitted to testify under Evid.R. 701.

{¶20}   Lisa readily admits that "[t]he legal theories advanced [under her first-and-

second assignments of error] may not have been raised, argued or explained at trial[.]"

Brief of Appellant 2. As such, Lisa concedes that the "plain error [rule] applies[.]" Brief

of Appellant 2; see, also, *Sprouse v. Miller*, Lawrence App. No. 07CA32, 2008-Ohio-

4384, at ¶12; *A.S. v. D.G.*, Clinton App. No. 2006-05-017, 2007-Ohio-1556, at ¶12.

{¶21}   The civil-plain-error rule, however, "should never be applied to reverse a civil

judgment simply because a reviewing court disagrees with the result obtained in the trial

court, or to allow litigation of issues which could easily have been raised and

determined in the initial trial." *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 122, 1997-

Ohio-401. Therefore, "[i]n appeals of civil cases, the plain error doctrine is not favored

and may be applied only in the extremely rare case involving exceptional circumstances

where error, to which no objection was made at the trial court, seriously affects the

basic fairness, integrity, or public reputation of the judicial process, thereby challenging

the legitimacy of the underlying judicial process itself." Id. at syllabus.

{¶22}   Here, we cannot find that Lisa's first-and-second assignments of error rise to

the level of plain error. Lisa is merely trying to litigate an issue that could have easily

been raised and determined in the proceedings below.  It is undisputed that "[t]he admission or exclusion of evidence rests within the sound discretion of the trial court." *Thomas* at ¶17, citing *State v. Haines*, 112 Ohio St.3d 393, 2006-Ohio-6711, at ¶50. Therefore, parties should raise their evidentiary arguments at the trial court level.  If evidentiary arguments are not raised at the trial court level, there is often no way of determining whether trial courts have abused their discretion in admitting or excluding relevant evidence.

**{¶23}**      Furthermore, Lisa has not demonstrated that the alleged error affected the basic fairness, integrity, or public reputation of the judicial process.  Lisa had the opportunity to raise her arguments at the trial court level, but she failed to do so.  We do not believe that a party's failure to act affects the legitimacy of the judicial process.

**{¶24}**      Accordingly, we find that the trial court did not commit plain error, and we overrule Lisa's first-and-second-assignments of error.

IV.

**{¶25}**      We will review Lisa's third assignment of error even though the argument supporting it is one sentence long and contains no legal citations.  But she has included a citation to R.C. 3105.171 in the body of the lengthy (four parts) third assignment of error itself.  Furthermore, Lisa has provided citations to the record in support of her arguments.

**{¶26}**      In her third assignment of error, Lisa contends that the trial court did not equitably divide the marital property.  Lisa has divided her third assignment of error into four parts, and we will address her specific arguments after discussing the appropriate standard of review.

A. Standard of Review

**{¶27}** "Trial courts must divide marital property equitably between the spouses. R.C. 3105.171(B). In most cases, this requires that marital property be divided equally. Id. at (C)(1). However, if the trial court determines that an equal division would produce an inequitable result, it must divide the property in a way it deems equitable. Id. Because the trial court possesses great discretion in reaching an equitable distribution, we will not reverse its ultimate division of property absent an abuse of discretion." *O'Rourke v. O'Rourke*, Scioto App. No. 08CA3253, 2010-Ohio-1243, at ¶15 (other citations omitted). An abuse of discretion connotes more than a mere error of judgment; it implies that the court's attitude is arbitrary, unreasonable, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219.

**{¶28}** Before a trial court can distribute property, the court must value that property. Indeed, a trial court must place a monetary value on every contested asset of the parties in a divorce proceeding. *O'Rourke* at ¶16; *Knight v. Knight* (Apr. 12, 2000), Washington App. No. 99CA27, citing *Pawlowski v. Pawlowski* (1992), 83 Ohio App.3d 794, 799; *Goode v. Goode* (1991), 70 Ohio App.3d 125, 132. "Because the valuation of a specific asset in a divorce case is a question of fact, we review a trial court's valuation under the manifest-weight-of-the-evidence standard." *Burriss v. Burriss*, Lawrence App. Nos. 09CA21 & 10CA11, 2010-Ohio-6116, at ¶27 (citations omitted). Consequently, we will not reverse the trial court as long as some competent, credible evidence supports the trial court's valuation. *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, syllabus; *O'Rourke* at ¶16. "This standard of review is highly deferential and even

'some' evidence is sufficient to sustain the judgment and prevent a reversal." *Barkley v. Barkley* (1997), 119 Ohio App.3d 155, 159.

## B. Third Assignment of Error, Part A.

**{¶29}** In part A of her third assignment of error, Lisa contends that the trial court failed to make an "equitable division of property * * * under the circumstances that Appellant was not permitted to testify as to [the] value of equipment that was marital property[.]" Brief of Appellant at 8. Essentially, Lisa's argument relies on the outcome of her first-and-second assignments of error – that is, if the trial court *had* permitted Lisa to testify as to the value of the business equipment, the trial court would have divided the property more equitably.

**{¶30}** Here, Lisa's argument is dependent upon us having sustained her first-and-second assignments of error. But we overruled those assignments of error because the trial court did not commit plain error. Accordingly, part A of Lisa's third assignment of error must also fail.

## C. Third Assignment of Error, Parts B though D.

**{¶31}** In parts B through D of her third assignment of error, Lisa contends that the trial court failed to make an "equitable division of property * * * under the circumstances that [Robert] was obviously not credible[.]" Brief of Appellant at 8-9. As a result, Lisa expressly asks this court to second-guess the trial court's credibility determinations.

**{¶32}** This court has repeatedly held, however, that "we should not 'second-guess' the trial court on the issues of evidence weight and witness credibility." *Portco v. Eye Specialists, Inc.*, 177 Ohio App.3d 139, 2008-Ohio-3154, at ¶18. See, also, *Scarberry v. Lawless*, Lawrence App. No. 09CA18, 2010-Ohio-3395, at ¶64; *Posey v. Posey*,

Ross App. No. 07CA2968, 2008-Ohio-536, at ¶16; *Adams v. Adams*, Washington App. No. 05CA2, 2005-Ohio-4588, at ¶14; *In re Conroy* (June 9, 1999), Lawrence App. No. 98 CA 42.  Therefore, we decline Lisa's invitation to second-guess the trial court's assessment of Robert's credibility.  Quite simply, we cannot find that the trial court abused its discretion by finding Robert to be a credible witness.

D. Conclusion

**{¶33}** For the foregoing reasons, we overrule Lisa's third assignment of error.

V.

**{¶34}** In her fifth assignment of error, Lisa contends that the trial court erred in not granting her motion for mistrial.  As the trial court explained, Lisa "assert[ed] a mistrial should have been declared because Plaintiff's first counsel * * * had retained Defendant's counsel * * * to represent [him] in an unrelated criminal matter during the pendency of this divorce."  March 17, 2010 Judgment Entry at 2.

**{¶35}** "The decision whether to grant a motion for mistrial is addressed to the sound discretion of the trial court. * * * The trial court is in the best position to determine whether the circumstances of the case require that a mistrial be declared, or whether other corrective measures are adequate. * * * A mistrial should only be granted when the party seeking it demonstrates that he or she has suffered material prejudice such that a fair trial is no longer possible."  *Hillman v. Kosnik*, Franklin App. No. 07AP-942, 2008-Ohio-6303, at ¶17 (internal citations omitted).  See, also, *Perillo v. Fricke*, Medina App. No. 08CA0044-M, 2009-Ohio-1130, at ¶10 ("Great deference is afforded to a trial court's decision regarding a motion for a mistrial[,] and the court's ruling will be reversed only upon the showing of an abuse of discretion.")  (citation omitted).

**{¶36}** It is clear that the magistrate denied Lisa's request for a mistrial during the April 22, 2009 hearing. Furthermore, it is clear (1) that Lisa objected to the magistrate's ruling and (2) that the trial court later agreed with the magistrate's decision. The rest of the record, however, is not so clear.

**{¶37}** At the start of the April 22, 2009 hearing, Lisa's current attorney stated: "[F]or the record, I think we fax filed a motion for mistrial." April 22 Transcript at 1. But according to the docket sheet, Lisa never filed such a motion. Lisa did not make any mistrial-related arguments on the record at the April 22, 2009 hearing, either. Therefore, we cannot determine what arguments Lisa made in support of her initial motion for mistrial.

**{¶38}** Lisa did, however, advance a mistrial-related argument in her objections to the magistrate's decisions. In that filing, Lisa claimed the following: "Given the glaring conflict of interest [Lisa's original counsel] had by virtue of having hired [Robert's counsel] to represent him in a criminal matter that arose during the period of time [Lisa's counsel] was representing [Lisa] in the divorce matter, a mistrial should have been declared in order for [Lisa] to have received a fair trial and the trial should have recommenced and discovery in full should have been granted anew." This statement represents Lisa's *only* mistrial-related argument in the record before us.

**{¶39}** "[I]t is clearly the duty of counsel to create a proper record at trial." *Deskins v. Cunningham,* Union App. No. 14-05-29, 2006-Ohio-2003, at ¶50, citing *State v. Goodwin*, 84 Ohio St.3d 331, 340, 1999-Ohio-356. See, also, *State v. Irwin*, 184 Ohio App.3d 764, 2009-Ohio-5271, at ¶243 ("One of counsel's duties is to preserve the record for appeal."). And before the magistrate denied her motion for mistrial, Lisa

failed to either (1) file her written motion or (2) make any mistrial-related arguments on the record. Therefore, except for the general conflict-of-interest argument contained in her objections to the magistrate's decision, Lisa did not preserve any mistrial-related arguments for appeal. Nevertheless, Lisa has raised some additional arguments in her appellate brief. For example, Lisa argues that "there are several facts that demonstrate that [Lisa's original counsel] did not pursue courses of action on behalf of [Lisa] that reasonably should have been pursued." Brief of Appellant at 13. However, because she failed to preserve these additional arguments at the trial court level, Lisa has forfeited her additional arguments except for plain error. See, e.g., *Sprouse* at ¶12; *A.S.* at ¶12. Therefore, we will review Lisa's additional arguments separately from her general conflict-of-interest argument.

### A. Lisa's General Conflict-of-Interest Argument

**{¶40}** Based on the limited argument in the record before us, we cannot find that the trial court abused its discretion in denying Lisa's motion for mistrial. Here, Lisa did not make the requisite showing of material prejudice. Lisa's bare assertion of a conflict of interest does not demonstrate (1) that she suffered actual material prejudice or (2) that a fair trial was no longer possible. See, e.g., *Hillman* at ¶17 (stating that a party must demonstrate "that a fair trial is no longer possible").

### B. Additional Arguments on Appeal

**{¶41}** Additionally, we cannot find plain error in the denial of Lisa's request for a mistrial. Here, Lisa has not demonstrated that the trial court plainly erred. Even under her additional arguments, Lisa cannot demonstrate either (1) material prejudice or (2) that a fair trial was no longer possible. This is especially true considering that Lisa's

current attorney represented Lisa from February 2009 until the trial court issued its divorce decree on April 23, 2010. Therefore, Lisa's current attorney had over fourteen months to pursue courses of action that, in his view, Lisa's original counsel may have ignored.

**{¶42}** Furthermore, in her additional arguments, Lisa misstates the standard for declaring a mistrial. On appeal, she contends (1) that her original counsel had violated the Rules of Professional Conduct and (2) that the trial court should have granted a mistrial based on "the wording of the ethical standard as to the possibility of" a conflict of interest. Brief of Appellant at 13. A *possibility* of a conflict, however, does not demonstrate actual material prejudice.

### C. Conclusion

**{¶43}** For the foregoing reasons, we overrule Lisa's fifth assignment of error.

### VI.

**{¶44}** In her eighth assignment of error, Lisa contends that the trial court erred by not awarding her attorney's fees. The trial court cited *Leopold v. Leopold*, Washington App. No. 04CA14, 2005-Ohio-214, for the proposition that a "party moving for attorney's fees has the burden of proving that expenses were incurred and that the expenditures were reasonable and necessary." March 17, 2010 Journal Entry at 6. And because Lisa did not present this type of evidence, the trial court denied her request for attorney's fees. On appeal, Lisa argues that the trial court erred because *Leopold* applied a former statute, R.C. 3105.18(H), instead of the current statute, R.C. 3105.73. Lisa further contends that she was not required to present evidence about the

reasonableness of her attorney's fees. Instead, Lisa argues that the trial court should have used its experience to determine that her fee request was reasonable.

**{¶45}** "The decision to award attorney fees in a divorce action is vested in the sound discretion of the trial court and we will not reverse it absent an abuse of that discretion." *O'Rourke* at ¶30, citing *Parker v. Parker*, Franklin App. No. 05AP-1171, 2006-Ohio-4110, at ¶36. Under R.C. 3105.73(A), "a court may award all or part of reasonable attorney's fees and litigation expenses to either party if the court finds the award equitable. In determining whether an award is equitable, the court may consider the parties' marital assets and income, any award of temporary spousal support, the conduct of the parties, and any other relevant factors the court deems appropriate."

**{¶46}** Here, we find (1) that R.C. 3105.73 does not change *Leopold*'s reasonable-and-necessary requirement and (2) that the trial court did not abuse its discretion. In applying R.C. 3105.73, several Ohio courts have held that "[t]he party seeking attorney's fees has the burden of proving the reasonableness of the fees." *Falk v. Falk*, Franklin App. No. 08AP-843, 2009-Ohio-4973, at ¶39 (applying R.C. 3105.73(A)); see, also, *Miller v. Miller*, Wayne App. No. 09CA0025, 2010-Ohio-1251, at ¶29-34 (applying R.C. 3105.73(B)); *Hubbard v. Hubbard*, Defiance App. No. 4-08-37, 2009-Ohio-2194, at ¶12 (applying R.C. 3105.73(B)). Furthermore, as a general principle, "[a] party seeking an award of attorneys' fees has the burden of demonstrating the reasonable value of such services." *Hikmet v. Turkoglu*, Franklin App. No. 08AP-1021, 2009-Ohio-6477, at ¶82 (citations omitted); *Braglin v. Crock*, Noble App. No. 04-NO-318, 2005-Ohio-6935, at ¶17; *Davis v. Reed* (June 20, 1996), Cuyahoga App. Nos. 68699 & 68700. Therefore, we do not believe that R.C. 3105.73(A) changes *Leopold*'s reasonable-and-

necessary requirement, especially considering that both R.C. 3105.73(A) and the former R.C. 3105.18(H) provide for "*reasonable* attorney's fees[.]"  (Emphasis added.)  Accordingly, the trial court did not err in citing *Leopold*.

**{¶47}**     Nevertheless, Lisa cites *Gore v. Gore*, Greene App. No. 09-CA-64, 2010-Ohio-3906, at ¶39, for the following proposition: "[W]here the amount of the attorney's time and work is evident to the trier of fact, an award of attorney fees, even in the absence of specific evidence to support the amount, is not an abuse of discretion."  (Internal quotation omitted.)  Essentially, Lisa contends that she was not required to present specific evidence related to her request for attorney's fees.  Instead, she argues that the trial court "should have used its knowledge and experience to determine that the Appellant's demand for * * * attorney fees was reasonable and necessary."  Brief of Appellant at 19.  We, however, find *Gore* to be distinguishable from the present case.

**{¶48}**     In *Gore*, the appellee's attorney submitted billing statements and explained the extent of his work.  See *Gore* at ¶38-39.  Lisa and her attorney, however, did nothing similar in the proceedings below.  Instead, in her proposed findings of fact and conclusions of law, Lisa simply requested $5,000 in attorney's fees.[1]  And as the trial court explained, "[T]here was no evidence presented on the description of the services rendered, the reasonableness of the time spent on the matter and the reasonableness of the hourly rate.  No itemized bills were presented.  [Finally, t]here was no evidence produced that [Lisa] had paid the fees or even been billed for the fees presented."  March 17, 2010 Journal Entry at 6.  Therefore, we find *Gore* to be distinguishable.

---

[1] In her appellate brief, Lisa suggests that she demanded $10,000 in attorney's fees. But in her proposed findings of fact and conclusions of law, Lisa requested that "[t]he defendant shall pay the sum of $5,000 to Plaintiff as and for attorney fees."

**{¶49}** Furthermore, in all of Lisa's cited cases, the trial courts actually awarded attorney's fees to one of the parties. And in each case, the appellate courts found that awarding attorney's fees was not an abuse of discretion. See *Gore* at ¶39; *Lough v. Lough*, Licking App. Nos. 03CA93 & 03CA104, 2005-Ohio-79, at ¶96; *Hawk v. Hawk*, Tuscarawas App. No. 2002AP040024, 2002-Ohio-4384, at ¶29; *Gearig v. Gearig* (Mar. 31, 1993), Lucas App. No. L-92-150; *Kreger v. Kreger* (Dec. 11, 1991), Lorain App. No. 91CA005073. But here, the trial court did *not* award attorney's fees, and Lisa asks us to find that the trial court *did* abuse its discretion. Therefore, Lisa's citations do not necessarily support her argument. As a general rule, "[a] trial court *may* use its own knowledge in reviewing the record to determine the reasonableness of attorney fees." *Lough* at ¶94 (citations omitted) (emphasis added); *Gearig*. Accordingly, the principle that Lisa relies upon is discretionary. Lisa, however, asks us to apply this principle as though it were mandatory. Basically, Lisa asks us to hold that a trial court abuses its discretion by not applying the discretionary principle in *Lough*. But the above-cited cases do not support this argument, and we decline to make such a holding. Furthermore, after reviewing the record, we find nothing to suggest that the trial court was *required* to grant Lisa $5,000 in attorney's fees.

**{¶50}** Therefore, we agree that Lisa did not establish whether her requested attorney's fees were necessary and reasonable. And because neither the evidence nor the record necessarily supports Lisa's request, we cannot find that the trial court abused its discretion as to attorney's fees.

**{¶51}**     Accordingly, we overrule Lisa's eighth assignment of error.  Having overruled

her first, second, third, fifth, and eighth assignments of error, we affirm the judgment of

the trial court.

**JUDGMENT AFFIRMED.**

## JUDGMENT ENTRY

It is ordered that the JUDGMENT BE AFFIRMED.  Appellant shall pay the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

Abele, J. and McFarland, J.:  Concur in Judgment Only.

For the Court

BY:_____
        Roger L. Kline, Judge

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**