DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Peter Perillo, appeals from the decision of the Medina County Court of Common Pleas. This Court affirms.
 I. {¶ 2} On December 30, 2003, Appellant, Peter Perillo ("Perillo"), was traveling westbound on Route 18 in Medina, Ohio. Appellee, William Fricke ("Fricke"), was traveling eastbound. A collision resulted when the car driven by Fricke crossed left of center striking Perillo's car and propelled him into the path of a third vehicle. As a result, Perillo was hospitalized.
 {¶ 3} On July 17, 2007, Perillo filed a complaint against Fricke, and on January 28, 2008, filed a motion for summary judgment on the issue of liability only. The trial court did not rule on this motion. On April 25, 2008, Perillo requested leave to file another motion for summary judgment on the issue of liability only. He attached his motion and noted that he had *Page 2 
not requested leave to file the January 28, 2008 motion and that the trial court had yet to rule on that motion. Fricke responded in opposition to this motion. The docket does not reflect any ruling by the trial court on Perillo's request for leave to file his summary judgment motion. On May 9, 2008, Perillo filed a motion in limine regarding any testimony or evidence of his alleged failure to wear a seatbelt. Perillo filed other motions in limine that are not at issue on appeal. On May 19, 2008, the case was tried to a jury. At the close of Fricke's case, Perillo moved for a directed verdict, which the trial court denied. On May 22, 2008, the jury found in Perillo's favor, and awarded him $30,000 in compensatory damages.
 II. ASSIGNMENT OF ERROR I "THE TRIAL COURT ERRED BY FAILING TO GRANT [PERILLO'S] MOTION FOR SUMMARY JUDGMENT ON THE ISSUE OF LIABILITY."
 {¶ 4} In his first assignment of error, Perillo contends that the trial court erred by failing to grant his motion for summary judgment on the issue of liability. We do not agree.
 {¶ 5} We note that Perillo has attached the January 28, 2008 motion for summary judgment to his appellate brief. Therefore, we assume his assignment of error does not extend to his April 25, 2008 request for leave to file a summary judgment motion and limit our discussion to Perillo's January 28, 2008 summary judgment motion.
 {¶ 6} Civ. R. 56(A) governs the filing of motions for summary judgment and states that "[i]f the action has been set for pretrial or trial, a motion for summary judgment may be made only with leave of court." In the instant case, the docket reflects that on September 18, 2007, the court set the case for jury trial to commence on March 10, 2008. A trial court has broad discretion to accept motions after the time in the rule has passed. Ford v. Ford Motor Credit Co., 179 Ohio App.3d 83,2008-Ohio-5672, at ¶ 6. A trial court may impliedly grant leave to file *Page 3 
by accepting the motion. Id. However, in the instant case, the trial court has not accepted the motion, i.e., has not ruled or even held a hearing on the motion, and therefore, we cannot infer that it granted leave to file the motion for summary judgment out of rule. When a trial court "fails to rule upon a motion, it will be presumed that it was overruled." Georgeoff v. O'Brien (1995), 105 Ohio App.3d 373, 378. Perillo has pointed to no evidence, and we do not find any in the record to support the contention, that the trial court abused its discretion in denying Perillo's request to file a motion for summary judgment out of rule.
 {¶ 7} Finally, we point out that Perillo's motion for summary judgment addressed the issue of liability. Perillo prevailed on this issue at trial. Even if we were to agree with Perillo's contention, we would be unable to afford him a remedy because he prevailed at trial. To this end, Perillo does not suggest a remedy or any course of action that this Court could take to correct any alleged wrong. It has been noted that "`a [party] cannot assign as error the denial of a motion for summary judgment where he later prevails at trial on the disputed issue.'"Bidwell v. Children's Medical Center (Nov. 26, 1997), 2d Dist. No. 16402, at *14, quoting Kluss v. Alcan Aluminum Corp. (1995),106 Ohio App.3d 528, 536. Accordingly, this assignment of error is moot. Id.
 {¶ 8} For the foregoing reasons, Perillo's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II "THE TRIAL COURT ERRED BY NOT GRANTING [PERILLO'S] MOTION FOR A NEW TRIAL."
 {¶ 9} In his second assignment of error, Perillo contends that the trial court erred by not granting his motion for a new trial. We do not agree.
 {¶ 10} Great deference is afforded to a trial court's decision regarding a motion for a mistrial and the court's ruling will be reversed only upon the showing of an abuse of discretion. *Page 4 State v. Stewart (1996), 111 Ohio App.3d 525, 533. An abuse of discretion is more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Pons v. Ohio State Med. Bd.
(1993), 66 Ohio St.3d 619, 621.
 {¶ 11} Perillo alleges that despite his having prevailed on a motion in limine, Fricke's counsel suggested to the jury that he was not wearing his seatbelt at the time of the accident. In response, Perillo's counsel objected to the line of questioning and requested a mistrial. Our review of the record, however, does not indicate that the trial court granted a motion in limine. During the trial court's discussion of the objection with counsel, the court corrected Perillo's counsel when he referred to the trial court granting the motion in limine. The court stated, "it was agreed to by counsel for the Defendant we wouldn't get into that." The agreement between counsel is not in the transcript before this Court and the docket does not reflect that a motion in limine was ever granted.
 {¶ 12} As Perillo's assignment of error on appeal and his argument at trial was based on the premise that his motion in limine was granted on this issue, we find that we are without the requisite record to adequately rule on this assignment of error. Perillo argues that Fricke's counsel's behavior
 "is precisely the kind of underhanded behavior which Civ. R. 59's provision concerning `misconduct' was designed to remedy, and Appellee's actions were, at a minimum, reckless, as Appellee's question regarding the Appellant's use or none (sic) use of a seatbelt was in direct contravention of the trial court's ruling on Appellant's motion in limine."
 {¶ 13} Without a record of the trial court's ruling on the motion or of the discussions regarding the motion in limine, we cannot determine, as Perillo requests us to, that any wrongful *Page 5 
conduct occurred. Notably, Perillo does not make an argument that Fricke's counsel's line of questioning was inappropriate by any means other than the alleged violation of the motion in limine. It is Perillo's duty to point to the portion of the record that supports his assignment of error. App. R. 16(A)(7). Perillo has failed to do so and therefore we may decline to address his assignment of error. App. R. 12(A)(2).
 {¶ 14} Notwithstanding the above deficiency, the trial court sustained Perillo's objection on the line of questioning and overruled the motion for a mistrial. The trial court gave the following curative instruction:
 "Folks, we got into an area that I should have worked harder trying to avoid, and this is my fault and not the lawyers' fault. The issue of seat belt usage is not for your concern-it is not for your concern, okay? There's a question about where a cell phone may or may not have been. Apparently there was an indication that it was maybe pinned to a seat belt, maybe pinned to a jacket, maybe pinned to a uniform. I don't know, I'm not sure that the Plaintiff indicated that he knew exactly where it was. But that line of questioning led into an issue about whether a seat belt was used in this case. That's not important. That is not an issue that you are to be concerned with, whether a seat belt was used or not used in any way when you're deciding the issues in the case. Is that understood by everybody? Can you all do that? (All jurors nodded affirmatively.)"
 {¶ 15} It is well established that a jury is presumed to follow a curative instruction given it by a trial judge. State v. Garner (1995),74 Ohio St.3d 49, 59. Therefore, we do not agree with Perillo's statement that "there clearly is room for doubt as to whether the verdict was influenced by [Fricke's] Counsel's improper remarks[.]" Accordingly, we find that the trial court did not abuse it discretion when it denied Perillo's motion for a mistrial.
 {¶ 16} Perillo's second assignment of error is overruled.
 ASSIGNMENT OF ERROR III "THE TRIAL COURT ERRED BY FAILURING [SIC] TO GRANT [PERILLO'S] MOTION FOR A DIRECTED VERDICT AT THE CLOSE OF THE PRESENTATION OF EVIDENCE." *Page 6 
 {¶ 17} In his third assignment of error, Perillo contends that the trial court erred by failing to grant his motion for a directed verdict at the close of the presentation of evidence. We do not agree.
 {¶ 18} Specifically, Perillo contends that Fricke "produced no evidence at trail (sic) opposing [his] claim that [Fricke] was liable for the accident." Again, we note that the jury returned a verdict in Perillo's favor regarding the issue of liability. Even if we were to find error, it would be harmless, as Perillo has failed to show that the trial court's ruling in any way affected his substantial rights. Civ. R. 61.
 {¶ 19} Accordingly, Perillo's third assignment of error is overruled.
 ASSIGNMENT OF ERROR IV "FAILURE TO GRANT [PERILLO'S] REQUEST TO CHANGE THE JURY INSTRUCTION REGARDING ICE ON THE ROAD AT THE TIME OF THE ACCIDENT."
 {¶ 20} In his fourth assignment of error, Perillo contends that the trial court abused its discretion when it failed to grant his request to change the jury instructions regarding ice on the road at the time of the accident. We do not agree.
 {¶ 21} Perillo specifically argues that the trial court erred by failing to give his version of the jury instruction for the requirement under Ohio law for a driver to keep his vehicle on the right side of the road regardless of weather conditions. He contends that the trial court should have used the following instruction, as proposed prior to trial: "The law holds that the common condition of fog, sleet, snow, ice, rain and sun glare do not excuse a driver from the duty to control his vehicle." The trial court instead gave the following instruction:
 "It is unquestionably true that under the usual test of forseeability the holding of Defendant is responsible for the act of skidding on a random ice patch on an otherwise clear highway is a harsh result. However, the operator of a motor *Page 7 
vehicle is responsible for keeping his vehicle under control and on his side of the road. This is true irrespective of the condition of the road."
 {¶ 22} On appeal, Perillo specifically takes issue with the fact that the trial court referred to the law as a "harsh result." Despite Perillo's argument, our review of the record reveals that during the discussion of the jury instructions, Perillo's counsel did not request the trial court to remove this language. Instead, in his objection, he requested that the trial court add the following language: "`However, it would be an even harsher — however, it would be even harsher to leave the Plaintiff damaged and without resource when he maintained control over his vehicle,' and the Defendant did not." Perillo's counsel stated that this language was pulled from the same Ohio Supreme Court case from which the trial court pulled its instruction.
 {¶ 23} Civ. R. 51(A) provides in pertinent part that:
 "On appeal, a party may not assign as error the giving or the failure to give any instructions unless the party objects before the jury retires to consider its verdict, stating specifically the matter objected to and the grounds of the objection."
 {¶ 24} Because Perillo did not specifically object to the trial court's decision not to use his proposed jury instruction, but rather requested to add language, we conclude that he has waived this argument on appeal. Accordingly, we may not address his assigned error. State v.Hairston, 9th Dist. No. 05CA008768, 2006-Ohio-4925, at ¶ 9, quotingState v. McKee (2001), 91 Ohio St.3d 292, 299, at fn. 3 (Cook, J., dissenting). Our conclusion that Perillo has waived this assignment of error is not in any way an endorsement of the trial court's jury instruction. While we recognize that the trial court's instruction was taken from an Ohio Supreme Court case, Oechsle v. Hart (1967),12 Ohio St.2d 29, 34, we also recognize the extreme care that must be taken by the trial court to avoid the dangers inherent in use of any language that might be regarded as "telegraphing" to the jury the court's personal opinion as to the merits of the case. As Perillo waived this issue, we make no decision as to the merits of the instruction. *Page 8 
 {¶ 25} Perillo's fourth assignment of error is overruled.
 ASSIGNMENT OF ERROR V "FAILURE TO GRANT [PERILLO'S] REQUEST TO SUBMIT AN INTERROGATORY TO THE JURY INTENDED TO DETERMINE WHAT FACTORS THE JURY CONSIDERED IN DETERMINING ITS AWARD OF DAMAGES."
 {¶ 26} In his fifth assignment of error, Perillo contends that the trial court abused its discretion by failing to grant his request to submit an interrogatory to the jury intended to determine what factors the jury considered in determining its award of damages. We do not agree.
 {¶ 27} A review of the attached jury interrogatories does not reveal that Perillo submitted an interrogatory to determine what factors the jury considered in determining its award of damages. Rather, we find Interrogatory D requests the jury to state which factors it relied upon to find that Fricke was not negligent.
 {¶ 28} Perillo's first jury interrogatory, Interrogatory A, required the jury to decide the following questions: "Was the Defendant, William L. Fricke, negligent?" Interrogatory B stated "If you believe that Defendant William L. Fricke was negligent, did his negligence directly cause any injury to the Plaintiff, Peter Perillo?" Interrogatory C required the jury to "state the total amount of compensatory damages to the Plaintiff Peter Perillo." Interrogatory D stated, "If you feel the Defendant was not negligent, please circle the reason why if it is present below." The interrogatory then listed 13 possible reasons.
 {¶ 29} Pursuant to Interrogatory A, if jurors did not find Fricke negligent, only then were they to move on to Interrogatory D. This is the only interrogatory that required the jury to determine any factors dealing with any deficiencies in Perillo's proof. As stated, the jury found Fricke negligent. Therefore, even if the trial court erred in failing to give this interrogatory, it *Page 9 
was harmless, as the jury would not have completed the interrogatory. Civ. R. 61. Accordingly, Perillo's fifth assignment of error is overruled.
 III. {¶ 30} Perillo's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellant.
WHITMORE, J. CONCURS *Page 10