[Cite as *State v. McNeil*, 2016-Ohio-4669.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 27720 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| DAVID MCNEIL | BARBERTON MUNICIPAL COURT COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. 14CRB1094 |

DECISION AND JOURNAL ENTRY

Dated: June 29, 2016

CARR, Presiding Judge.

{¶1} Appellant, David McNeil, appeals the judgment of the Barberton Municipal Court. This Court affirms.

I.

{¶2} On May 19, 2014, a complaint was filed in the Barberton Municipal Court charging McNeil with one count of domestic violence menacing in violation of R.C. 2919.25(C). The charge stemmed from an incident involving McNeil and his spouse on May 17, 2014. After initially pleading not guilty to the charge, the matter proceeded to a bench trial and McNeil was found guilty of the sole count in the complaint. The trial court imposed a 180-day jail sentence. The trial court suspended ninety days of the sentence on the condition that McNeil satisfy certain requirements and further ordered that the remaining ninety days were to be served on house arrest. McNeil also received a $250 fine.

{¶3} On appeal, McNeil raises four assignments of error.

II.

## ASSIGNMENT OF ERROR I

THE EVIDENCE IS INSUFFICIENT TO SUSTAIN A FINDING OF GUILT FOR KNOWINGLY BY THREAT OR FORCE CAUSING A FAMILY OR HOUSEHOLD MEMBER TO BELIEVE THE OFFENDER COULD CAUSE IMMINENT PHYSICAL HARM TO SAID FAMILY OR HOUSEHOLD MEMBER.

## ASSIGNMENT OF ERROR II

THE VERDICT OF GUILTY FOR KNOWINGLY CAUSING A FAMILY OR HOUSEHOLD MEMBER TO FEAR IMMINENT PHYSICAL HARM FROM THIS APPELLANT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

## ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED BY NOT GRANTING DEFENSE COUNSEL'S CRIMINAL RULE 29 MOTION.

{¶4}  In his first and third assignments of error, McNeil contends that the State failed to present sufficient evidence to sustain a conviction.  In his second assignment of error, McNeil contends that his conviction was against the weight of the evidence.  This Court disagrees with McNeil's arguments.

{¶5}  McNeil was convicted of domestic violence menacing in violation of R.C. 2919.25(C), which states, "No person, by threat of force, shall knowingly cause a family or household member to believe that the offender will cause imminent physical harm to the family or household member."  "A person acts knowingly, regardless of purpose, when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature.  A person has knowledge of circumstances when the person is aware that such circumstances probably exist.  When knowledge of the existence of a particular fact is an element of an offense, such knowledge is established if a person subjectively believes that there is a high probability of its existence and fails to make inquiry or acts with a conscious purpose to

avoid learning the fact." R.C. 2901.22(B). Pursuant to R.C. 2919.25(F)(1)(a)(i), a spouse qualifies as a "family or household member."

{¶6} "The term 'threat' represents a range of statements or conduct intended to impart a feeling of apprehension in the victim, whether of bodily harm, property destruction, or lawful harm, such as exposing the victim's own misconduct." *State v. McKinney*, 9th Dist. Summit No. 24430, 2009-Ohio-2225, ¶ 8, quoting *State v. Cress*, 112 Ohio St.3d 72, 2006-Ohio-6501, ¶ 39. This Court has defined "imminent" as follows:

> "ready to take place," "near at hand," "impending," "hanging threateningly over one's head," or "menacingly near." "Imminent" does not mean that "the offender carry out the threat immediately or be in the process of carrying it out." Rather, the critical inquiry is "whether a reasonable person would be placed in fear of imminent (in the sense of unconditional, non-contingent), serious physical harm[.]" (Internal quotations and citations omitted).

*McKinney* at ¶ 11, quoting *State v. Tackett*, 4th Dist. Jackson No. 04CA12, 2005-Ohio-1437, ¶ 14. This Court has further recognized that when the State presents evidence of prior instances of domestic violence involving the defendant and the same victim, testimony from the victim that he or she was afraid "provides proof that she believed that [the defendant] would cause [] imminent physical harm." *McKinney* at ¶ 12.

### Criminal Rule 29 & Sufficiency Arguments

{¶7} McNeil makes a general sufficiency argument as well as an argument that the trial court erred in denying his Crim.R. 29 motion for acquittal. In light of McNeil's Crim.R. 29 claim, we will limit our sufficiency analysis to the evidence presented by the State during its case in chief. With respect to the substance of McNeil's position, he contends that there was no evidence that his spouse, C.M., actually believed that McNeil would cause imminent physical harm. McNeil suggests that C.M. was using the law as "a sword and not [a] shield" with the aim of getting McNeil out of the house.

{¶8} Crim.R. 29(A) provides, in relevant part:

The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case.

{¶9} When reviewing the sufficiency of the evidence, this Court must review the evidence in a light most favorable to the prosecution to determine whether the evidence before the trial court was sufficient to sustain a conviction. *State v. Jenks*, 61 Ohio St.3d 259, 279 (1991).

An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.

*Id*. at paragraph two of the syllabus.

{¶10} The incident which gave rise to McNeil's conviction occurred at the home he shared with his wife, C.M. On May 17, 2014, McNeil became angry in the afternoon when the couple had a miscommunication about their plans for that evening. C.M. did not understand why McNeil was so mad. As McNeil launched into a "rage attack," C.M. placed a phone call to her friend, Dessie Sanders, with the hope of defusing the situation. During the call, McNeil screamed that C.M. was accusing him of trying to have a relationship with Sanders. C.M. denied this over the phone to Sanders and asked McNeil if he would speak to his mother in that manner. While "towering over" C.M. with his fists balled up, McNeil yelled, "She's going to hear me whipping up on your ass." McNeil continued, "I'm going to knock your teeth down your throat if you say one more thing about my mother." C.M. apologized to McNeil but he persisted in his

rage. C.M. explained that McNeil was "in another world" and he did not comprehend anything that she was saying to him. C.M. called 911 and said that McNeil was "getting ready to jump on [her]." When asked if she believed that McNeil was going to cause imminent physical harm, C.M. responded in the affirmative.

{¶11} C.M. began to panic when McNeil stormed into the garage. C.M. testified that she thought McNeil was going to get a weapon. Her fear was intensified due to a prior incident where McNeil held her at gunpoint. As C.M. called police, she noticed McNeil leaving the house in his car. When McNeil returned to the house almost immediately, C.M. again panicked and ran to her car in order to leave. Police arrived at the scene as C.M. was backing out of the driveway.

{¶12} The evidence presented during the State's case-in-chief was sufficient to convict McNeil of domestic violence menacing in a violation of R.C. 2919.25(C). In a fit of rage, McNeil stood over his wife with his fists balled up and told her that he was going to "whip[] up on [her] ass." Dessie Sanders heard this threat over the phone. McNeil also made the very specific threat that he was going to "knock [C.M.'s] teeth down her throat" if she said one more thing about McNeil's mother. These comments were intended to impart a feeling of apprehension in C.M., and she testified that she believed that McNeil was going to cause her imminent physical harm. C.M.'s fear was exacerbated by the fact that there was a prior incident involving McNeil where she had been a victim of domestic violence. *See McKinney* at ¶ 12. This evidence, when construed in the light most favorable to the State, was sufficient to convict McNeil of domestic violence in violation of R.C. 2919.25(C).

{¶13} The first and third assignments of error are overruled.

**Manifest Weight Argument**

**{¶14}** A conviction that is supported by sufficient evidence may still be found to be against the manifest weight of the evidence. *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997); *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, ¶ 12.

> In determining whether a criminal conviction is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986). "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a 'thirteenth juror' and disagrees with the fact[-]finder's resolution of the conflicting testimony." *Thompkins* at 387, quoting *Tibbs v. Florida*, 457 U.S. 31, 42 (1982). An appellate court should exercise the power to reverse a judgment as against the manifest weight of the evidence only in exceptional cases. *Otten* at 340.

**{¶15}** In support of his manifest weight argument, McNeil emphasizes that the threats he made toward M.C. were conditioned on her making any more comments about McNeil's mother. McNeil contends that once M.C. understood the conditional nature of his threats, she apologized and made no additional comments about McNeil's mother, thus demonstrating that she did not actually believe that she was in danger of imminent physical harm.

**{¶16}** McNeil's argument is without merit. McNeil's characterization of the facts in this case is not supported by the record. Though McNeil advances a narrative where he merely conveyed to C.M. that he would not tolerate additional comments about his mother, C.M.'s testimony suggested that McNeil was in a state of "rage" that rendered him unable to communicate. C.M. did not initially understand why McNeil was so angry, and her description

of the incident suggests that her fear was rooted in her belief that McNeil's behavior was out of her control. To the extent that there was conflicting evidence presented at trial, we note that the trier of fact was in the best position to evaluate the credibility of witnesses and resolve factual disputes. *State v. Velez*, 9th Dist. Lorain No. 14CA010683, 2016-Ohio-2875, ¶ 11. Additionally, while McNeil cites three cases in support of the proposition that a conditional threat is inadequate to sustain a conviction under R.C. 2919.25(C), we note that all of those cases are distinguishable from this matter. Though McNeil relies on *In re Jenkins*, 5th Dist. Stark No. 2003CA00330, 2004-Ohio-2657, and *State v. Diroll*, 11th Dist. Portage No. 2006-P-0110, 2007-Ohio-6930, those two cases involved circumstances where the evidence unequivocally demonstrated that the victim was not in fear of imminent physical harm. Furthermore, while McNeil also cites *State v. Taylor*, 79 Ohio Misc.2d 82, *85-86, 671 N.E. 343 (M.C.1996) in support of his conditional threat argument, his reliance on that case is misguided as the court concluded that the conditional threat was sufficient to sustain a conviction under R.C. 2929.25(C) given the "circumstances of the turbulent event." It follows that McNeil has failed to demonstrate that this is the exceptional case where the trier of fact clearly lost its way. *Otten*, 33 Ohio App.3d at 340.

{¶17} For the aforementioned reasons, McNeil's first, second, and third assignments of error are overruled.

## ASSIGNMENT OF ERROR IV

THE TRIAL COURT ERRED BY CONSIDERING APPELLANT'S PRIOR CONVICTIONS AS EVIDENCE OF GUILT IN THE CASE AT BAR.

{¶18} In his final assignment of error, McNeil contends that the trial court considered McNeil's prior convictions as evidence of guilt in violation of Evid.R. 404(B). This Court disagrees as McNeil has forfeited this issue on appeal.

{¶19} In support of his position that the trial court considered McNeil's prior convictions as evidence of guilt, McNeil relies solely on comments made by the trial court when it announced its verdict. A review of the trial transcript reveals that the central issue in this case was C.M.'s state of mind during the incident. On both direct and cross-examination of C.M., the parties elicited testimony where she made general references to prior domestic disputes with McNeil. On redirect examination, the State further inquired about what happened during one previous incident and how it impacted her state of mind during the dispute which gave rise to this case. McNeil objected on the basis of relevance. He did not raise an Evid.R. 404(B) objection. The trial court overruled the objection, stating, "[O]ne of the elements is [C.M.] has to establish why she was in fear. * * * [S]he's already testified at length why she did what she did and what the situation was. But if you want to get into her state of mind as to why she believes she was in fear, I'll allow that." C.M. proceeded to describe a previous occasion where McNeil held her at gunpoint and then stood over her with his fist balled up. C.M. explained that she feared McNeil would harm her if she said or did something wrong.

{¶20} Under these circumstances, McNeil cannot prevail on his assignment of error. McNeil raised a relevance objection at trial, and there is no question that the prior incident was relevant to the issue of whether C.M. believed that McNeil would cause imminent physical harm. *See McKinney* at ¶ 12. As noted above, McNeil did not raise an Evid.R. 404(B) objection before the trial court. Where a party fails to raise a timely objection before the trial court, the party forfeits all but plain error on appeal. *State v. Roy,* 9th Dist. Lorain No. 13CA010404, 2014-Ohio-5186, ¶ 68. As McNeil has not set forth a plain error argument on appeal, this Court declines to create one on his behalf. *Id.*

{¶21} The fourth assignment of error is overruled.

III.

{¶22} McNeil's assignments of error are overruled. The judgment of the Barberton Municipal Court is affirmed.

Judgment affirmed.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Barberton Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
DONNA J. CARR
FOR THE COURT

WHITMORE, J.
SCHAFER, J.
CONCUR.

APPEARANCES:

GERALD R. LEIPPLY, Attorney at Law, for Appellant.

MICHELLE L. BANBURY, Attorney at Law, for Appellee.