[Cite as *M.J. v. L.P.*, 2016-Ohio-7080.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

M.J.

      Appellee

      v.

L.P.

      Appellant

C.A. No.     15CA0036-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.    09 DV 0252

DECISION AND JOURNAL ENTRY

Dated: September 30, 2016

---

SCHAFER, Judge.

{¶1}    Respondent-Appellant, L.P., appeals the judgment of the Medina County Court of Common Pleas, Domestic Relations Division, granting a domestic violence civil protection order against him. For the reasons that follow, we reverse the trial court's judgment.

I.

{¶2}    In 2009, L.P. and Petitioner-Appellee, M.J., were in a romantic relationship and lived together. After the relationship ended, the parties remained roommates and entered into an "agreement" whereby M.J. was required to engage in daily sexual acts with L.P. or else face a monetary fine. Shortly after the "agreement's" execution, M.J. sought a domestic violence civil protection order on the basis that L.P. had forced her to sign the "agreement" and threatened that she would be unable to leave the residence. M.J. also sought protection for her daughter because she feared that L.P. would rape her. The trial court issued the five-year civil protection order covering both M.J. and her daughter on October 15, 2009. L.P. appealed to this Court but we

affirmed the trial court's judgment because L.P. failed to argue the existence of plain error on appeal.

{¶3} After the first appeal, L.P. filed a Civ.R. 60(B) motion to vacate the civil protection order on the basis of newly discovered evidence. After a hearing on the motion, the magistrate issued a decision recommending the denial of the motion to vacate. L.P. filed objections to the magistrate's decision, but after a hearing on the objections, the trial court overruled the objections and adopted the magistrate's decision. L.P. did not appeal from this judgment.

{¶4} M.J. filed a motion to extend the civil protection order covering both her and her daughter. She listed three grounds for the continuation of the order: (1) L.P.'s continued litigation of the original protection order, including the first appeal and subsequent Civ.R. 60(B) motion; (2) L.P.'s initiation of a civil lawsuit for $50,000 against M.J.[1]; and (3) M.J.'s fear that "as soon as the CPO is released, [M.J.] will start stalking me again." A magistrate conducted an evidentiary hearing at which M.J. offered her own testimony in support of the motion. She explained the following basis for her motion:

> The reason that I wanted an extension is because of the fact over the past, five years, I have been brought back into the courtroom several times for appeals * * * to reintroduce this case, and I've had to re-live my situation and what I experienced in this relationship, and it has hurt me emotionally, mentally, and professionally because these documents that were included in the civil protection order has gotten to the public, and some of my professional credentials have been challenged by that.
>
> * * *
>
> And like I said, last year he attempted to sue me for $50,000. The court case was dismissed. I had to hire an attorney for that. I feel as though the CPO is not in effect, and he's tried to do things with the CPO. What will happen if there's no

---

[1] The nature of the civil lawsuit is not clear from the record.

CPO protecting me, and I fear for that because I don't know what to expect.

* * *

I just want him to stay out of my life. I stay out of his life, go on, but I feel as though the justice system isn't helping. It's like opening the gates because I know what I lived through before, and I don't want to go through it again.

On cross-examination, M.J. acknowledged that besides the litigation between the parties, L.P. had not disturbed her in any way.

{¶5} After M.J.'s testimony, she rested her case. L.P. moved for a directed verdict but the trial court denied the motion. He testified in his own defense as follows:

Q: In the past, five years other than going to court, have you ever come within 500 feet of [M.J.]?

A: No.

Q: Have you ever sought to try in any way to stalk her or, you know, just check out what she's doing or anything like that?

A: No.

* * *

Q: Have you in any way * * * violated the terms of the civil protection order * * *?

A: No.

Q: And do you have any intention of having [M.J.] in your life in any way from now on or forever?

A: No, I think my fiancée would disagree. No, I haven't no.

{¶6} The trial court issued a judgment entry granting M.J.'s request for an extension of the civil protection order. L.P. attempted to appeal, but this Court dismissed the attempted appeal for lack of jurisdiction because the judgment entry was not a final, appealable order. The trial court subsequently issued a judgment entry that corrected the deficiencies that this Court

outlined in the dismissal of the attempted appeal. This timely appeal, which presents two assignments of error for our review, followed. Since our resolution of the second assignment of error is dispositive, we address it first.

## II.

### Assignment of Error II

**The trial court erred by granting an extension of the civil protection order.**

{¶7} In his second assignment of error, L.P. argues that there was insufficient evidence to support the extension of the civil protection order. We agree.

### A. Standard of Review

{¶8} "'In order to grant a [domestic violence civil protection order], the court must conclude that the petitioner has demonstrated by a preponderance of the evidence that the petitioner * * * [is] in danger of domestic violence.'" *M.K. v. J.K.*, 9th Dist. Medina No. 13CA0085-M, 2015-Ohio-434, ¶ 7, quoting *B.C. v. A.S.*, 9th Dist. Medina No. 13CA0020-M, 2014-Ohio-1326, ¶ 7. When assessing the sufficiency of the evidence for a trial court's decision to grant a civil protection order, "we must determine whether, viewing the evidence in the light most favorable to [the petitioner], a reasonable trier of fact could find that the petitioner demonstrated by a preponderance of the evidence that a civil protection order should issue." *R.C. v. J.G.*, 9th Dist. Medina No. 12CA0081-M, 2013-Ohio-4265, ¶ 7, citing *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, ¶ 11, and *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. A sufficiency challenge tests the adequacy of the evidence. *Eastley* at ¶ 11. In applying the sufficiency standard, "'we neither resolve evidentiary conflicts nor assess the credibility of witnesses, as both are functions reserved for the trier of

fact.'" *State v. Tucker*, 9th Dist. Medina No. 14CA0047-M, 2015-Ohio-3810, ¶ 7, quoting *State v. Jones*, 1st Dist. Hamilton Nos. C-120570, C-120571, 2013-Ohio-4775, ¶ 33.

### B. The Trial Court's Basis for the Protection Order's Extension

**{¶9}** The civil domestic violence statute states, "[a]ny protection order issued or consent agreement approved pursuant to this section may be renewed in the same manner as the original order or agreement was issued or approved." R.C. 3113.31(E)(3)(c). The statute does not set forth when a renewal is permitted, but it "has been interpreted to mean that 'the *procedure* for issuing a renewal order must go forward in the same manner as that for issuing an original protection order.'" *Martin v. Martin*, 10th Dist. Franklin No. 13AP-171, 2013-Ohio-5703, ¶ 11, quoting *Little v. Little*, 10th Dist. Franklin No. 10AP-843, 2011-Ohio-318, ¶ 6. Therefore, under the statute, the trial court was authorized to renew the domestic violence civil protection order, but was required to follow the same *procedural* requirements necessary for issuing the original.

**{¶10}** Here, the trial court extended the domestic violence civil protection order because M.J. "testified that she had continued fear for her safety based upon the trauma she suffered by acts of [L.P.] which led to the filing of the [original petition.]" The trial court did not specifically identify which provision of R.C. 3113.31(A)(1) this finding implicates. However, it appears that the trial court's finding can only possibly involve R.C. 3113.31(A)(1)(b), which defines "domestic violence" for the purposes of protection order proceedings as "[p]lacing another person by threat of force in fear of imminent serious physical harm."

### C. There Is Insufficient Evidence of Imminent Serious Physical Harm

**{¶11}** When reviewing whether there is sufficient evidence that the petitioner was under fear of imminent serious physical harm, "the critical inquiry is 'whether a reasonable person

would be placed in fear of imminent (in the sense of unconditional, non-contingent) serious physical harm." *State v. McKinney*, 9th Dist. Summit No. 24430, 2009-Ohio-2225, ¶ 11, quoting *State v. Tackett*, 4th Dist. Jackson No. 04CA12, 2005-Ohio-1437, ¶ 14. Although "we refer to the petitioner's history with respondent" when carrying out this inquiry, *M.H. v. J.H.*, 9th Dist. Medina No. 15CA0031-M, 2015-Ohio-5178, ¶ 7, to support the extension of a civil protection order, "[t]here must also be evidence the petitioner has a reasonable belief of serious physical harm based on new threats of domestic violence," *Studer v. Studer*, 3d Dist. Crawford No. 3-11-04, 2012-Ohio-2838, ¶ 23; *see also Woolum v. Woolum*, 131 Ohio App.3d 818, 822 (12th Dist.1999) (affirming extension of civil protection order "on the basis of past domestic abuse *coupled with present threat of future violence*") (Emphasis added.). This requirement of continued threats beyond those that gave rise to the initial civil protection order is necessary because "[t]he purpose of the civil protection order is not to address past abuse." *Wetterman v. B.C.*, 9th Dist. Medina No. 12CA0021-M, 2013-Ohio-57, ¶ 11; *see also B.C.* at ¶ 22 (determining that there was insufficient evidence to support issuance of domestic violence civil protection order since "[n]one of the witnesses could state with any particularity or on personal knowledge any *recent* incident wherein [the respondent] threatened imminent physical harm to [the petitioner], her husband, or her family") (Emphasis added.).

{¶12} At the evidentiary hearing, M.J. testified that since the original order's issuance, she has only seen L.P. during court hearings. Indeed, she acknowledged that L.P. had not disturbed her in any way outside of those hearings. In light of this, there is no indication in the record that L.P. has made *any* threats since the issuance of the original civil protection order. *See Young v. Young*, 2d Dist. Greene No. 2005-CA-19, 2006-Ohio-978, ¶ 107 (determining that event that occurred five years before the petition was insufficient to have placed a reasonable

fear in fear of imminent, serious physical harm); *Williamson v. Williamson*, 180 Ohio App.3d 260, 2008-Ohio-6718, ¶ 48 (2d Dist.) (reversing issuance of civil protection order since court was "unable to find evidence of a threat of serious physical harm").  Absent any new threats or out-of-court interactions between M.J. and L.P., we are unable to conclude that M.J. demonstrated she was under a reasonable fear of imminent serious physical harm.  *See Studer* at ¶ 25 (reversing trial court's extension of civil protection order because "no evidence was presented as to [respondent]'s current threats of domestic violence" and where testimony showed that respondent had not even seen the petitioner in the previous five years).  Moreover, the events giving rise to the original civil protection order are not enough, by themselves, to support the extension of the order.  *See Solomon v. Solomon*, 157 Ohio App.3d 807, 2004-Ohio-2486, ¶ 27 (7th Dist.) ("Merely finding that there were *past* acts of domestic violence, without anything more, is not enough to warrant a *present* civil protection order.").

**{¶13}**  We are also unable to agree with M.J. that L.P.'s initiation of legal proceedings against M.J. constituted actions that give rise to a reasonable fear of imminent serious physical harm.  Ohio courts have previously determined that respondents' threats to bring civil actions against petitioners are insufficient to support the issuance of a civil protection order.  *E.g.*, *Fleckner v. Fleckner*, 177 Ohio App.3d 706, 2008-Ohio-4000, ¶ 26 (10th Dist.) ("A threat to take legal action does not meet the R.C. 3113.31(A)(1)(b) definition of domestic violence.").  We believe that the same principle applies when the respondent actually brings civil litigation against the petitioner, especially in matters like this one where the record does not reflect that the litigation was frivolous.

**{¶14}**  We also find M.J.'s testimony regarding the possibility of problems if there was no civil protection order to be unavailing to her case.  A petitioner must demonstrate fear of

imminent serious physical conduct, rather than the mere fear of potential future conduct. *See Williamson* at ¶ 47 ("It is important to distinguish between fear of potential future conduct and immediate physical conduct, and to remember the petitioner must show sufficient evidence of the latter."). M.J.'s testimony relates to a mere possibility of a future threat and her desire to remain free of contact with L.P. But, as we have previously noted, "it is inappropriate to use a protection order merely to create a buffer-zone around the petitioner and her children." (Internal citation and quotation omitted.) *M.H.*, 2015-Ohio-5178, at ¶ 13. As a result, based on the record before us, we cannot countenance the extension of the civil protection order due to M.J.'s testimony about possible future problems.

{¶15} In sum, M.J. failed to offer sufficient evidence to demonstrate that she reasonably feared imminent serious physical harm. We consequently determine that the trial court erred in extending the domestic violence civil protection order. Accordingly, we sustain L.P.'s second assignment of error.

**Assignment of Error I**

**The trial court erred by not granting appellant's motion for directed verdict after appellee rested her case.**

{¶16} Our resolution of L.P.'s second assignment of error renders his first assignment of error moot and we decline to address it. *See* App.R. 12(A)(1)(c).

**III.**

{¶17} Having sustained L.P.'s second assignment of error, we reverse the judgment of the Medina County Court of Common Pleas, Domestic Relations Division, and remand this matter with instructions that the trial court vacate the domestic violence civil protection order.

Judgment reversed,
and cause remanded.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

 

 

 

JULIE A. SCHAFER
FOR THE COURT

 

 

HENSAL, J.
CONCURRING IN JUDGMENT ONLY.

{¶18} While I agree that the trial court's judgment must be reversed, I would do so on the basis that L.P. is no longer a "household member" for purposes of Section 3113.31(A)(3)(a) and, accordingly, the evidence is insufficient regarding threatened future domestic violence.

{¶19} The record reflects that M.J. and L.P. lived together from May 2009 until October 2, 2009, and that the acts of domestic violence occurred during that time. Revised Code Section 3113.31, in relevant part, permits a "household member" to seek a domestic violence civil

protection order against another "household member." At the time the trial court issued the original five-year domestic violence civil protection order (i.e., on October 15, 2009), M.J. and L.P. were "household member[s]" because they had lived together "within five years prior to the date of the alleged occurrence of the act in question." R.C. 3113.31(A)(3)(a)(i); R.C. 3113.31(A)(4). Notably, M.J. and L.P. were never married and do not have any children together.

{¶20} Regarding the procedure for renewing a domestic violence civil protection order, Section 3113.31(E)(3)(c) provides that "[a]ny protection order issued * * * pursuant to this section may be renewed in the same manner as the original order * * * was issued[.]" Courts have interpreted this language to mean that "the procedure for issuing a renewal order must go forward in the same manner as that for issuing an original protection order." (Emphasis added.) *Little v. Little*, 10th Dist. Franklin No. 10AP-843, 2011-Ohio-318, ¶ 6, citing *Woolum v. Woolum*, 131 Ohio App.3d 818, 823 (12th Dist.1999).

{¶21} Here, M.J. filed her motion to extend the protection order on October 15, 2014, more than five years after she ceased living with L.P., during which time the acts of domestic violence occurred. L.P., however, ceased to be a "household member" before the protection order was granted and, therefore, is incapable of committing future acts of domestic violence pursuant to Section 3113.31. As such, M.J. did not present sufficient evidence to warrant an extension of the protection.

{¶22} This is not to say that M.J. would have no recourse against L.P. should he cause M.J. mental distress or threaten physical harm against her. The proper procedure, however, would be for M.J. to seek a menacing by stalking civil protection order under Section 2903.211, which does not require the victim and the alleged offender to be "family or household members."

CARR, P. J.
<u>DISSENTING.</u>

{¶23}  I must respectfully dissent.  At the hearing, M.J. established a continued pattern of conduct that placed her in fear.  The evidence would have been insufficient if this were a new petition being filed.  However, because this is a renewal situation, this Court need not examine the evidence in a vacuum.  The initial CPO was issued because L.P. manipulated M.J. in the most degrading manner imaginable by forcing her to perform sexual acts in exchange for a place to live.  At the renewal hearing, M.J. testified as to how L.P. is still intruding into her life and attempting to control and intimidate her through filing baseless court actions.  In my opinion, this conduct coupled with his prior egregious behavior that formed the basis of the initial CPO is sufficient to support a renewal of the CPO.

<u>APPEARANCES:</u>

STEPHEN P. HANUDEL, Attorney at Law, for Appellant.

M. J., pro se, Appellee.